350 P.2d 748

STATE of New Mexico, Plaintiff-Appellee,

v.

William C. DAVIS, E. G. Foster and C. L. Smith, Defendants-Appellants.

No. 6627.

Supreme Court of New Mexico.

March 30, 1960.

Rehearing Denied April 11, 1960.

Lynell G. Skarda, Clovis, for appellants.

Hilton A. Dickson, Jr., Atty. Gen., B. J. Baggett, Asst. Atty. Gen., Boston E. Witt, Asst. Atty. Gen., for appellee.

CARMODY, Justice.

Appeal by the defendants from a judgment rendered against them, as sureties, on a bond given in the appeal of a criminal case.

The issue for our determination is whether the sureties are liable under a single bond signed by them on behalf of two defendants, one of whom died prior to the affirmance of a criminal conviction by the supreme court.

In 1957, two men, named Spahr and Davis, were convicted of selling alcoholic liquors without a license. The two appealed to this court and, with E. G. Foster and C. L. Smith as sureties, furnished a bond, which was entitled "Supersedeas Bond." The material portions of the bond are as follows:

"That whereas Elgin Spahr and William C. Davis as principals and E. G. Foster and C. L. Smith as sureties are held and firmly bound unto the State of New Mexico in the penal

sum of Fifteen Hundred Dollars, lawful money of the United States of America, to the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents.

\* \* \* \* \* \*

"Now, therefore, if said appellants and principlas [sic] shall appear in the Supreme Court of the State of New Mexico on the return day of said appeal and from day to day, from term to term, and from time to time and obey all of the orders made by said Supreme Court of the State of New Mexico in said cause, and shall surrender themselves in execution of the judgment and sentence appealed from as said Court may direct, if the judgment and sentence of said District Court against them shall be affirmed by said Supreme Court, and shall pay all costs that may be directed against them on said appeal, then, in that event this obligation shall be null and void; otherwise to remain in full force and effect."

The bond was approved by the clerk of the district court and the appeal perfected. Prior to the rendition of the opinion by this court and the issuance of the mandate affirming the conviction as to both defendants, State v. Spahr, 1958, 64 N.M. 395, 328 P.2d 1093, Spahr committed suicide. This event was never brought to the attention of this court until the filing of the appeal in the instant case. After the mandate in the criminal case was issued, Davis failed to appear, so the district court called upon the appellants in the instant case as sureties to surrender the body of Davis; and when they failed to do so, the bond was ordered forfeited. Subsequently, this suit was brought on the bond against Davis and the two appellants, but no service was obtained upon Davis. The lower court entered a judgment against the two sureties in the sum of $1,500.

Appellants Foster and Smith urge for reversal two points, (1) that the death of Spahr discharged the sureties, and (2) that the bond is strictly a joint obligation, not joint and several, and is not only void for uncertainty, but that by reason of the death of Spahr as one joint obligor, the others are necessarily released.

The trial court found as a fact that the bond was a bail bond, although erroneously entitled "Supersedeas Bond." Such finding was not objected to by the state and is binding upon us. Therefore, we will confine our ruling accordingly, even though the state now seeks to have us construe the bond as a supersedeas bond.

■ It is well settled that the death of the principal before the day fixed for his appearance discharges his surety. Restatement of the Law, Security, § 208; 63 A.L.R.2d 830, particularly 841 where the

cases are assembled. Therefore, quite obviously these defendants could not be held liable for the failure to produce Spahr, even though his death was a suicide. State v. Stanley, 1919, 104 Kan. 475, 179 P. 361; People v. Wissig, 1875, 7 Daly, N.Y., 23. But does such a rule apply where there are two principals and only one is dead?

Ordinarily, such a problem would never arise, because our statute, § 41–4–16, N.M. S.A., 1953 Comp., would seem to contemplate a single bond for each defendant, and apparently the same is true in most other jurisdictions in view of the almost total lack of cases on the subject.

The bond had for its main purpose the release of Davis and Spahr pending the disposition of their appeal. The benefits were received, even though the appeal was ultimately unsuccessful. To release the sureties from liability on the technicality of the death of Spahr would be an injustice.

Restatement of the Law, Security, § 188, states the rule as to defective judicial bonds, as follows:

"Where a surety executes a judicial bond which is defective as not complying with statutory requirements or court rules, or where although the bond itself is in proper form, the principal has not followed the proper procedure in connection with the furnishing of the bond, the surety is nevertheless liable on the bond if the party on whose behalf the bond is delivered has obtained in whole or in part the benefit sought by the delivery of the bond."

As a part of the comment with respect to the above section, the following appears:

"\* \* \* If a surety attempts or purports to satisfy a statutory or court rule without complying with requirements, he should not be permitted to assert the defects of his obligation or errors in procedure as a defense. *Legal insufficiency or procedural error may be a basis for rejection of the bond but does not of itself defeat an action against the surety.*" (Emphasis ours.)

We feel that this is a reasonable and salutory rule and, actually, is in compliance with our own statute, § 41–4–19, N.M.S.A., 1953 Comp., which provides as follows:

"No recognizance, undertaking or bond taken in any criminal proceeding shall be void for want of form or of substance, or for omission of any recital or condition, or because the same was entered into on Sunday, nor shall the principal or surety be discharged, but the principal and surety shall be bound by such recognizance, undertaking or bond to the full extent contemplated by the law requiring the same, and the surety to the amounts

specified in such recognizance, undertaking or bond, and no action upon such recognizance, undertaking or bond shall be defeated for any want of form or substance or for the omission of any recital or condition or because the same was entered into on Sunday, or for the neglect of the clerk to endorse or record it, but the recognizers shall be bound thereby to the full extent specified therein."

The above quoted statute also answers appellants' contention that the bond is ambiguous in that the amount is uncertain— the appellants are liable "to the full extent specified therein."

Irvin v. State, Tex.Crim.App.1895, 32 S.W. 899, relied upon by appellants, involved the dismissal of an appeal for inadequacy of a joint bond. However, the liability of the sureties was not the point in issue, and also Texas does not appear to have a statute similar to our § 41–4–19.

Although it was not mentioned in the briefs, the case of McDonald v. Mazon, 1917, 23 N.M. 439, 168 P. 1069, involved a somewhat comparable point of law and is persuasive in the present instance. In that case, two defendants in a civil case gave a joint supersedeas bond on appeal. The judgment was reversed as to one of the defendants, but this court held that each of the parties was responsible under the bond, even though it did not literally comply with the language of the statute.

Section 41–4–16, N.M.S.A., 1953 Comp., provides that a recognizance should be joint and several; and when this bond is considered in connection therewith, together with § 41–4–19, supra, it would follow that it must be construed as a joint and several obligation under the facts here. Appellants, having had the benefits, must now fulfill their promise. Although their obligation insofar as Spahr is concerned has been rendered impossible by an act of God, it still remains in effect as to Davis.

Having reached the conclusion which we have, it is unnecessary for us to determine the question as to the effect of Spahr's death with respect to the abatement of the case against him. It should be noted that we are only determining liability under the facts in this case, and are not passing on the validity of the bond for any other purpose.

The judgment will be affirmed, and it is so ordered.

COMPTON, and MOISE, JJ., and JOHN R. BRAND, D. J., concur.

McGHEE, C. J., not participating, being absent from the State.

CHAVEZ, J., not participating.