Argued November 30, 1971, affirmed February 4, petition for
rehearing denied March 7, petition for review
denied June 20, 1972

UMATILLA COUNTY, *Respondent, v.* RESOLUTE
INSURANCE COMPANY, *Appellant.*

493 P2d 731

*Alex M. Byler,* Pendleton, argued the cause for

appellant. On the briefs were Corey, Byler & Rew, Pendleton.

*R. P. Smith,* District Attorney, Pendleton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

ORS 140.610 provides, with regard to bail, that:

"If, *without sufficient excuse,* the defendant fails to appear * * * upon any * * * occasion when his presence in court is lawfully required * * * bail * * * is thereupon forfeited." (Emphasis supplied.)

■ The question on appeal is: When a criminal defendant, free on bail, is convicted and imprisoned in a foreign state, and because of the imprisonment does not appear before the Oregon court at the time appointed, is the forfeiture of bail improper as a matter of law?[1] We hold that it is not.

Two men, following arraignment in Umatilla County for burglary, were released on bonds posted by the Resolute Insurance Company (hereafter Resolute). On July 2, 1970, they pleaded not guilty and a September trial date was set. The men then went to the state of Washington, committed burglary and larceny

---

[1] Resolute has taken the position that it is not seeking relief, equitable in nature, by asking remission of forfeiture under ORS 140.640, which provides:

"At any time before judgment against the bail in an action upon the undertaking, they may apply to the court for a remission of the forfeiture; and thereupon, the court, upon good cause shown, may remit the forfeiture or any part thereof upon such terms as are just and reasonable, according to the circumstances of the case."

on July 29, were arrested, pleaded guilty and were sentenced to prison terms in Washington. Resolute, with some assistance from the district attorney, made several attempts to obtain the return of the prisoners to Umatilla County for trial.

First, there were attempts to persuade the men to request a speedy trial in Oregon under the Agreement on Detainers. ORS 134.605. The men ultimately refused. Then defendant prepared a "request for temporary custody" as provided for by the Agreement on Detainers. This request required the signature of the Umatilla County district attorney who refused to sign. While we need not here discuss the intricacies of the Agreement on Detainers, we note that the district attorney's signature was but one step of a series[2] required to make it effective.

During the interim, prior to the district attorney's refusal, several continuances had been sought and granted without objection on the part of the district attorney. Finally, on November 16, 1970, the trial court refused to postpone any longer and forfeited bonds of both defendants.

This is a matter of first impression in Oregon. The vast majority of jurisdictions[3] follow the rule first laid down in *Taylor v. Taintor*, 83 US 366 (16 Wall), 21 L Ed 287 (1873). In that case, McGuire, charged in Connecticut with grand larceny, got out on bail. He thereafter went to New York, where he was arrested for a crime committed in Maine. The New York governor turned him over to Maine, preventing his appearance in Connecticut. The Supreme Court set

[2] *See*, ORS 134.605 which gives governor of custody state power to frustrate entire proceedings.

[3] *See*, 4 ALR2d 446 (1949), and cases cited therein.

forth three conditions under which a surety could excuse itself for nonperformance of its contract, i.e., which would preclude bail forfeiture: An *act of God*, an *act of the obligee,* or an *act of the law*. It then stated an arrest in a foreign state wasn't an "act of the law," but really the act of McGuire himself:

"* * * To hold that the surrender was the act of the law, in the sense contended for, would be illogical as to insist that the blow of an instrument used in the commission of a crime of violence is the act of the instrument and not of the criminal. * * * The principal in the case before us cannot be allowed to avail himself of an impossibility of performance thus created; and what will not avail him cannot avail his sureties. His contract is identical with theirs. They undertook for him what he undertook for himself." 21 L Ed at 291.

■ Oregon, as did the court in *Taylor v. Taintor,* supra, recognizes a bail bond as a contract. *State v. Gardner,* 29 Or 254, 45 P 753 (1896), cited with approval in *Umatilla County v. United Bonding,* 248 Or 328, 434 P2d 329 (1967).

Resolute points out that under the majority rule, if the criminal defendants had not appeared in Umatilla County at the time appointed because they had been imprisoned by another circuit court in the state of Oregon, this would have been a "sufficient excuse" because it would have been, in the words of *Taylor v. Taintor,* an "act of the obligee." Resolute argues that there is no rational basis for drawing a distinction between non-appearance occasioned by fault in one state as distinguished from another state. In view of our holding, if we accepted that argument, the logical result would be that neither situation would present a "sufficient excuse."

We need not and do not here decide whether Oregon should adopt in toto the rule laid down in *Taylor v. Taintor,* supra. Suffice it to say that in so far as *Taylor v. Taintor* deals with the consequences of imprisonment in another state its reasoning is persuasive and we follow it.

■ Resolute also argues that the Umatilla County district attorney's refusal to sign a "request for temporary custody" was an act of the obligee state which excused the liability. The state is not the surety's surety. We have not been cited to any provision in the contract or in the statutes which says that the surety shall not be answerable on its bond unless the state takes some positive action to insure that the surety's principals will meet their unqualified obligation to appear at the appointed time.

Affirmed.