WASHINGTON COUNTY, Appellant,

v.

GOLDBERG BONDING, INC.,
Respondent.

No. C9–85–2073.

Court of Appeals of Minnesota.

June 3, 1986.

Robert W. Kelly, Co. Atty., William F. Klumpp, Jr., Asst. Co. Atty., Stillwater, for appellant.

Henry H. Feikema, David G. Roston, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

Washington County appeals from an order denying its motion for forfeiture of a bond and granting Goldberg Bonding, Inc. its motion for discharge of liability on a bond. The County argues that forfeiture of the bond was automatic when Goldberg failed to produce defendant on the date scheduled for the hearing and then failed to show cause why he was not produced on that date. We affirm.

## FACTS

Bail was set at $50,000 to secure the appearance of defendant Eric Schmieg at the omnibus hearing scheduled for July 11, 1985. Schmieg was charged with two counts of second degree assault and one count of possession of a pistol by a felon. Although Schmieg's attorney notified him of the time set for hearing, he failed to appear. The trial court issued a bench warrant on July 11, as requested by the County. The County also requested forfeiture of the bond. On July 12, 1985, the trial court addressed this request by ordering:

1. That Allied Fidelity Insurance Company and/or Goldberg Bonding Company are ordered to show cause on July 22, 1985 at 9:30 A.M. at the Washington County Courthouse, Stillwater, Minnesota why the $50,000 bail bond posted shall not be forfeited.

2. That production of Eric Windfield Schmieg prior to July 22, 1985, to the Court shall stay the effect of this Order.

3. That if good cause is not shown as to why the bail bond should not be forfeited, then it will be ordered forfeited on July 22, 1985 at 9:30 A.M.

Subsequently, Goldberg made some attempts to locate Schmieg. The police also attempted to locate Schmieg, and on July 18, 1985, while answering a domestic abuse call, they were alerted to Schmieg's location and sought to pursue and arrest him. Schmieg violently resisted arrest, shooting two St. Paul police officers before one of the officers was able to fatally shoot Schmieg.

Goldberg moved for an order discharging it from liability on the bond because Schmieg died before July 22. The County

moved for forfeiture of the bond. After a hearing on the matter, a judge other than the one issuing the July 12 order granted Goldberg's motion, discharging it from any liability. The court noted that the July 12 order did not record a default of the bond's conditions or issue a bond forfeiture, but instead gave Goldberg an additional 10 days to bring Schmieg before the court. Since Schmieg died before July 22, Goldberg's liability was discharged. From this order of October 30, 1985, the County appeals.

## ISSUE

Did the trial court abuse its discretion in discharging the bonding company from liability on the bond?

## ANALYSIS

On appeal the County argues that it should be entitled to the $50,000 bond securing the defendant's appearance because (1) the surety automatically forfeited its bond on July 11, pursuant to Minn.Stat. § 629.58 (1984), when the defendant failed to appear at the omnibus hearing; and (2) the death of the defendant after July 11 did not excuse the default of July 11.

The County's argument that forfeiture was automatic is based on cases which interpret federal law and in particular, Rule 46(e) of the Federal Rules of Criminal Procedure. *See e.g. Appearance Bond Surety v. United States,* 622 F.2d 334, 336 (8th Cir.1980). Rule 46(e)(1) provides: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." Other provisions of the federal rules give the court discretion to set aside a forfeiture and remit a forfeiture that has been entered. *See* Fed.R.Crim.P. 46(e)(2).

Minnesota does not have a parallel rule of criminal procedure. Minn.R.Crim.P. 6.04 states:

The procedure for forfeiture of an appearance bond shall be as provided by the law.

Minn.Stat. § 629.58 (1984) states:

When any person, in any criminal prosecution, under bond either to appear and answer, to prosecute an appeal, or to testify in any court, fails to perform the conditions of the bond, his default shall be recorded, and process issued against the persons bound thereby, or such of them as the prosecuting officer directs.

Forfeiture is not automatic.

On July 12, 1985, the trial court did not record the default on the condition of the bond by issuing a bond forfeiture. Instead, the court's order allowed Goldberg 10 more days to produce Schmieg. The order states that if Schmieg appeared prior to July 22, 1985, the court's order would be stayed. The County did not appeal from the July 12 order and now attempts to attack it by an appeal from the October 30, 1985 order which interprets and gives effect to the July 12 order. The court in its October order held that the July order gave Goldberg until July 22, 1985 to bring Schmieg before the court and that Schmieg's death before the date set for bond forfeiture discharged Goldberg's obligation on the bond.

We agree with the court's interpretation of the July 12 order. There was no automatic forfeiture on July 11. The trial court did not record the default of the condition of the bond or issue a bond forfeiture, but instead gave Goldberg an additional 10 days to bring him before the court. When Schmieg died on July 18, the surety's obligation was discharged. *See Stuyvesant Insurance Company v. United States,* 410 F.2d 524, 525 (8th Cir.) *cert. denied* 396 U.S. 836, 90 S.Ct. 96, 24 L.Ed.2d 87 (1969).

The County's second argument, that Goldberg could not use Schmieg's death on July 18 to excuse his July 11 failure to appear, is also meritless. The County isolates parts 1 and 3 of the order to conclude that Goldberg could only be discharged from liability if it can show cause for Schmieg's failure to appear on July 11. We read this order in its *entirety* as providing that if Goldberg could produce Schmieg on July 22, this alone would constitute "good cause" for Goldberg to avoid forfeiture. Therefore, Schmieg's death before July 22 could also constitute good cause why the bond should not be forfeited—a bond serves no purpose when the death of the defendant makes his appearance unnecessary.[1] We do not think the trial court erred in interpreting the July 12 order.

---

1. "The primary purpose of bail in a criminal case is not to increase the revenue of the state or to punish the surety but to insure the prompt and orderly administration of justice without unduly denying liberty to the accused whose guilt has not been proved." *Application of Shetsky,* 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953).

## DECISION

The trial court did not err in discharging Goldberg Bonding, Inc. from liability on the $50,000 appearance bond.

Affirmed.