490 So.2d 1041 (1986)
PINELLAS COUNTY, Florida, Appellant,
v.
Thomas Paul ROBERTSON, a/K/a Thomas Paul Phetteplace, and Bankers Insurance Company, by Lee's Bail Bond, Attorney in Fact, Appellees.
No. 85-2556.
District Court of Appeal of Florida, Second District.
June 27, 1986.
Van B. Cook, County Atty., and Philip A. Glass, Asst. County Atty., Clearwater, for appellant.
*1042 James N. Casesa, P.A., St. Petersburg, for appellees.
GRIMES, Judge.
This is an appeal from a final judgment setting aside a bond estreature and discharging a surety's liability under a posted bail bond.
Appellee Robertson, charged with unauthorized possession of a Florida drivers' license and violation of probation, secured bail from Bankers Insurance Company (surety) conditioned on his subsequent court appearance to answer to these charges. When he failed to appear, the trial court ordered that the surety bond be estreated. The surety moved to set aside the bond estreature but was granted an extension of time to locate Robertson before the bond estreature proceeded to final judgment. Before the hearing on forfeiture of the bond, the surety notified the court that Robertson had been located in an Arizona jail where he was being held on additional charges. At the final hearing, a state attorney informed the court that the Florida warrant would remain active but that Robertson would not be extradited from Arizona. The court set aside the bond estreature and ordered that the bond be discharged on the condition that if extradition proceedings were instituted within a reasonable time, Robertson must waive extradition and the surety must deposit sufficient funds into the court registry to cover the estimated costs of extradition.
The primary purposes of bail in a criminal case are to relieve the accused of imprisonment, to relieve the state of the burden of detaining the accused pending the trial, and to place the accused as much under the power of the court as if he were in custody of the proper officer. See Bankston v. State, 279 So.2d 326 (Fla. 2d DCA 1973). A bail bond is a three-party contract between the state, the accused, and the surety, whereby the surety guarantees appearance of the accused. Accredited Surety & Casualty Co. v. State ex rel. Hillsborough County, 383 So.2d 308 (Fla. 2d DCA 1980). The early case of Taylor v. Tainter, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1873), announced three conditions under which bail could be exonerated: an act of God, an act of the obligee, or an act of the law. However, the United States Supreme Court explained that a defendant's incarceration in another state comes about because of his own actions and does not constitute an act of law which would exonerate his bail. Many jurisdictions continue to follow this rule, although in deference to the benefits provided by bail bonding companies, some of the more recent cases have declined to order forfeitures under such circumstances. See Annot., 33 A.L.R. 4th 656 (1984).
In State v. Holt, 556 P.2d 270 (Okla. 1976), a defendant on bail who was charged with a crime in Oklahoma failed to appear because of his incarceration in Texas. The Oklahoma Supreme Court held that the trial court had not abused its discretion in setting aside the bond forfeiture especially where the accused had offered to waive extradition and the surety promised to pay the costs incurred in delivering the accused back to Texas. Under similar circumstances, a bond forfeiture was reversed in State v. Amador, 98 N.M. 270, 648 P.2d 309 (1982), on the premise that the bondsman had done all he could to secure the defendant's presence. The appellate court noted that a detainer had been filed against the defendant and the bondsman had offered to pay extradition and transportation costs. See also Wood v. State, 345 So.2d 616 (Miss. 1977); Grantham v. State, 408 S.W.2d 235 (Tex. Crim. App. 1966).
Other courts have not seen fit to relieve the surety from forfeiture even where the state has declined to institute extradition proceedings. State v. Honey, 165 Neb. 494, 86 N.W.2d 187 (1957); State v. Pelley, 222 N.C. 684, 24 S.E.2d 635 (1943); Umatilla County v. Resolute Insurance Co., 8 Or. App. 318, 493 P.2d 731 (1972); Wallace v. State, 196 Tenn. 577, 269 S.W.2d 780 (1954). As stated in Umatilla County:

*1043 The state is not the surety's surety. We have not been cited to any provision in the contract or in the statutes which says that the surety shall not be answerable on its bond unless the state takes some positive action to insure that the surety's principals will meet their unqualified obligation to appear at the appointed time.
8 Or. App. at 322, 493 P.2d at 733.
There is only one Florida case on the subject. In Public Service Mutual Insurance Co. v. State, 135 So.2d 777 (Fla. 1st DCA 1961), the trial court had entered eight judgments resulting from a bond forfeiture which had occurred because the defendant was incarcerated in South Carolina. In affirming these judgments, the court reasoned that the incarceration of the principal in another jurisdiction was the product of his voluntary act, and that the surety was at fault in permitting him to leave Florida instead of keeping him under its control. Pertinent to our determination, the court added:
It is of no consequence whether the principal left the jurisdiction with or without the permission of the surety to whose custody he had been entrusted, or that the obligee (The State of Florida in these cases) does not demand the surrender of the principal on the theory that it had prior jurisdiction.
135 So.2d at 779.
We are persuaded to follow the reasoning of our sister court. The purpose of a bail bond is to have the principal appear at a prescribed time. The fact that his presence may subsequently be obtained through extradition cannot eliminate the prejudice to the state which must be presumed as a result of the delay in bringing him to trial. Since the surety failed to perform its obligation, it must be held liable upon its undertaking.
We reverse and remand for entry of a judgment against the surety.
RYDER, C.J., and CAMPBELL, J., concur.