682 So.2d 687 (1996)
COUNTY OF VOLUSIA, Appellant,
v.
Joseph Paul AUDET, Appellee.
No. 96-415.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
Nancye R. Jones, Volusia County Sheriff's Office Legal Advisor, DeLand, for Appellant.
David S. Morgan of Law Offices of Damore & Morgan, Daytona Beach, for Appellee.
COBB, Judge.
The issue on this appeal is whether the trial court had jurisdiction to grant Mann and Severson Bail Bonds' motion for remission.
The surety, Mann and Severson Bail Bonds, bonded out the defendant who subsequently failed to appear for trial. Because there was a breach of the bond, the court declared the bond forfeited. § 903.26(2)(a), Fla. Stat. (1995). Mann and Severson failed to pay within 35 days and a judgment on the bond estreature was entered on May 19, 1994. § 903.27(1), Fla. Stat. On June 20, 1994, Mann and Severson satisfied the judgment. Approximately three months later, the surety filed a motion to set aside the bond estreature, set aside judgment, exonerate the bail bondsmen and obtain remission.
According to the County of Volusia, Mann and Severson failed to file their motion within sixty days following entry of the judgment and thus were precluded from obtaining remission pursuant to section 903.28(6), Florida Statutes. The lower court initially agreed with the County that there was no jurisdiction to set aside the judgment since Mann and Severson did not file a motion to set aside within the sixty day time period. Eventually, however, the lower court granted Mann and Severson's motion and granted remission.
*688 In the instant case, section 903.28, Florida Statutes was not available to Mann and Severson because they breached the bond by failing to pay within 35 days after notice. In addition, this court in Accredited Surety & Casualty Company, Inc. v. State, 418 So.2d 378 (Fla. 5th DCA 1982), adopted the analysis of the Third District to the extent that section 903.28 is not available to a surety when forfeiture is reduced to a judgment and no timely motion to set aside the judgment is made. Resolute Insurance Company v. State ex rel. Dade County, 289 So.2d 456 (Fla. 3d DCA 1974). Thus, timely vacating the judgment is essential to a surety's right to remission. Accredited Surety at 381. As the County correctly notes, Mann and Severson did not move to set the judgment aside until 118 days after it was entered. § 903.27(5), Fla. Stat.
Accordingly, we find that the lower court erred in granting the motion to set aside estreature, set aside judgment, exonerate bail bondsmen and obtain remission. The order of the lower court is hereby vacated.
REVERSED.
SHARP, W. and GOSHORN, JJ., concur.