805 So.2d 937 (2001)
HILLSBOROUGH COUNTY, Appellant,
v.
ROCHE SURETY & CASUALTY, CO., INC., Appellee.
No. 2D00-4320.
District Court of Appeal of Florida, Second District.
November 9, 2001.
*938 Paul D. Johnston, Assistant County Attorney, Tampa, for Appellant.
Anthony P. Prieto of Anthony P. Prieto, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Hillsborough County appeals an amended final order and judgment that set aside an estreature of a bail bond posted by Roche Surety & Casualty Co., Inc., and compelled the clerk of the circuit court to remit "100 percent of the forfeited bond in this matter" to Roche Surety. Because remission was improperly ordered pursuant to section 903.28, Florida Statutes (1999), we reverse.
This case began when Francisco Rangel Equia, a Mexican citizen, was charged by information with the crime of trafficking in cannabis. His bond, which was posted by Roche Surety, was set at $25,000. On September 8, 1999, by mail, the bonding company was notified that its bond was at risk if Mr. Equia did not appear on September 15, 1999. Mr. Equia failed to appear for a required court appearance, resulting in the forfeiture of the bail bond. Accordingly, the court ordered his bond estreated and the clerk of the court properly notified Roche Surety of the estreature.
On the face of the September 15, 1999, order of forfeiture appeared two notations: "order extending time 90 days" and "stay of judgment order until 5-25-00." These writings indicated that by order dated October 11, 1999, the court gave Roche Surety until January 11, 2000, to produce Mr. Equia to the court. A second signed order extended that time until April 11, 2000. Ultimately, in March 2000, Roche Surety filed its motion to set aside bond estreature, which was opposed by Hillsborough County. After a hearing the court entered an amended final order and judgment remitting the bond estreature and directing the clerk of the court to remit "100 percent of the forfeited bond" to Roche Surety.
Remission of forfeiture is a wholly statutory remedy that "may not be ordered *939 for any reason other than as specified" in the statute. § 903.28(7). Certain conditions precedent must be met before a court is authorized to order remission of a forfeited bond. First, there must have been no breach of the bond, § 903.28(1), and, second, the surety must have apprehended or have "substantially attempted to procure or cause the apprehension or surrender" of the defendant, § 903.28(2). The hearing on this case focused entirely upon the second conditionthat the surety have attempted to procure the defendant's surrender. A principal of the bail bond company testified that it had hired an agent to find Mr. Equia, who had fled to Mexico. He further testified, through unobjectedto double hearsay, that the agent had been "advised" that the United States Immigration and Naturalization Service had revoked Mr. Equia's "working permit, his visa, everything." This same witness testified, again without objection, that "this man cannot step into the United States." Furthermore, Mr. Equia was not jailed in Mexico but was "walking around a free man," and "Mexico is not even going to talk to him." This testimony apparently persuaded the circuit judge that remission of the forfeiture was appropriate.
These facts, however, do not satisfy the requirement that the surety "substantially attempt to procure or cause the apprehension" of the defendant. No evidence of any attempt to arrest or seize Mr. Equia through any legal means came forth in the hearing; rather, the only record assertion was that he remains free in Mexico. Whether the INS would or would not admit a charged drug trafficker into this country by issuing a work permit or visa is irrelevant to the only significant question: whether the surety had made an actual attempt to seize the defendant.
Of equal importance is that the surety did not demonstrate the first requirement for remissionthat there be no breach of the bond. On this record we can find no indication that Roche Surety has paid the estreated bond. At the evidentiary hearing Hillsborough County's attorney represented to the court without any correction or objection from Roche Surety that no monies had, as of that time, been paid. Without payment of the forfeiture, there are no funds for the clerk of the court to remit. Furthermore, failure to pay the forfeiture constitutes a breach of the bond. See County of Volusia v. Audet, 682 So.2d 687 (Fla. 5th DCA 1996).
We are concerned that the procedures followed in this case did not comport with the statutory scheme requiring that a forfeiture "be paid within 60 days of the date the notice was mailed." § 903.26(2)(a). If the surety does not either pay the bond amount or obtain a discharge order within sixty days the clerk must enter a final judgment against the surety for the amount due. If that judgment is not paid within thirty-five days, notice of the failure to do so is transmitted to Florida's Department of Insurance. § 903.27(1), Fla. Stat. (1999). The business of bail bonding is a state-regulated enterprise, and one precondition of that enterprise is the financial solvency of the surety company. The participant must be able to honor its financial obligation based not only on the fee it receives to post the bail bond but also on its other financial resources, such as collateral taken for the bond. If a surety accepts the risk of a defendant's failure to appear, it is not the function of the court to excuse a delay in the surety's performance of its responsibility to pay the forfeited bond unless excused by statute.
Here, the failure of the circuit court to follow the statutory procedures was not raised as an issue in this case. However, the failure to strictly follow these procedures led to confusion regarding the availability *940 of a remedy for the bonding company, which took the risk of posting a bond for a Mexican national accused of drug trafficking without securing sufficient collateral and then failed to substantially attempt to procure his appearance after he fled to Mexico. Under these facts, remission is neither procedurally nor substantively authorized by the statute.
Reversed and remanded.
FULMER, A.C.J., and SILBERMAN, J., Concur.