850 So.2d 669 (2003)
ALLEGHENY CASUALTY COMPANY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2365.
District Court of Appeal of Florida, Fourth District.
July 30, 2003.
*670 Rachel S.G. Dooley, Paige C. Tarver and Joseph F. Frederick, III, of Dooley, Tarver & Frederick, Miami, for appellant.
Edward A. Dion, County Attorney, Andrew J. Meyers, Chief Appellate Counsel, Beth-Ann E. Herschaft and Tamara M. Scrudders, Assistant County Attorneys, Fort Lauderdale, for appellee.
PER CURIAM.
Kevin's Bail Bonds, Inc. as surety agent of Allegheny Casualty Company, Inc., (Surety) posted bail for Emilienne Louis who was charged with one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine. Louis failed to appear at a scheduled court hearing on May 18, 2001, and the trial court promptly entered an Order Estreating Bond. On July 18, 2001, the parties filed a Stipulated Motion for Extension of Time requesting a ninety day extension for Surety to produce the defendant. The Motion for Extension alleged that Surety had located the defendant and that it was expected that she would be returning to Broward County, at which time she would be surrendered to the Broward County Jail. The trial court granted the extension. Surety failed to produce the defendant within those ninety days and subsequently paid the estreated bond. In May 2002, Surety filed a Motion for Remission pursuant to section 903.28(2), Florida Statutes (2002).[1] The *671 trial court denied the Motion for Remission. Surety appeals the Order Denying its Motion for Remission. We affirm.
Pursuant to section 903.28, certain conditions precedent must be met before a court is authorized to order remission of a forfeited bond. First, there must have been no breach of the bond. Second, the surety must have apprehended or have substantially attempted to procure or cause the apprehension or surrender of the defendant. And, third, the delay has not thwarted the proper prosecution of the defendant. See Hillsborough County v. Roche Sur. & Cas., Co., 805 So.2d 937, 939 (Fla. 2d DCA 2001). Surety argues that it has met all three of these conditions and is, therefore, entitled to remission. As for the first condition, since Surety promptly paid the estreated bond, there is no clear breach of the bond contract. The main issue before this court is whether Surety met the second condition of substantially attempting to procure or cause the apprehension or surrender of the defendant.
At the time of her arrest, the defendant was a citizen of Haiti living in Florida. The record reflects that the defendant returned to Haiti on August 10, 2001. After her return to Haiti, Surety was able to locate an address where she was living. Based on this information, Surety attempted to initiate proceedings to extradite the defendant to the United States. However, Surety was informed that due to treaties between the United States and Haiti, the defendant was not subject to extradition. Surety argues that it met its burden under section 903.28, by locating the defendant and attempting to have her apprehended. We disagree.
Surety argues that the facts in this case are similar to those in County Bonding Agency v. State, 724 So.2d 131 (Fla. 3d DCA 1998). In County Bonding, the defendant failed to appear at a scheduled court date and the bond was estreated. Id. at 132. The surety discovered that the defendant had fled to Jamaica. The surety then located the defendant in Jamaica and had her arrested. However, the state declined to have her extradited. On appeal, the third district held that assuming no prejudice to the prosecution on account of the delay, the surety was entitled to remission. Id. at 133. The third district reasoned that the state's decision not to extradite did not defeat an otherwise meritorious remission claim. Id; see also Sur. Cont'l Heritage Ins. Co. v. Orange County, 798 So.2d 837, 840 (Fla. 5th DCA 2001) (holding that when a surety has substantially attempted to procure a defendant, it should not be prevented from seeking remission because the state refuses to cooperate).
However, the instant case is distinguishable from County Bonding and Surety Continental because the sureties in those cases were ready, willing and able to produce the defendants. They were prevented from complete performance of the bail bond contract by an act of the state (the refusal to extradite). In the instant case, even though Surety has located an address for the defendant in Haiti, Surety is not ready and able to produce the defendant. Also, Surety's failure to perform its obligation is not being prevented by the State, but rather treaties prohibiting extradition.
Surety argues that it should be excused from its obligation to produce the defendant because it is illegal to bring her back to the United States, and, therefore, completion has become impossible. We find no merit in this argument. A bail bond is a three-party contract between the state, the accused, and the surety, whereby the *672 surety guarantees appearance of the accused. See Pinellas County v. Robertson, 490 So.2d 1041, 1042 (Fla. 2d DCA 1986). The risk of a defendant not appearing is borne by the surety and the surety, in order to protect its interest, must take precautionary actions to prevent this type of situation. In the instant case, Surety's performance was not rendered impossible by an act of God or an act of the State. Surety's inability to perform its obligation is due to its own fault in permitting the defendant to leave the State of Florida. The record reflects that the defendant did not leave Florida until August 10, 2001. The bond was estreated on May 18, 2001, after the defendant failed to appear at a scheduled hearing. Surety had approximately three months to locate the defendant and produce her while she was still in Florida. If Surety had not delayed, it could have produced the defendant and sought remission on that basis.
We hold that Surety is not excused from its obligations under the bond contract due to impossibility. In order to be entitled to remission, Surety must establish that it has substantially attempted to procure or cause the apprehension or surrender of the defendant. We hold that it has not met this burden.
AFFIRMED.
TAYLOR, HAZOURI and MAY, JJ., concur.
NOTES
[1] Section 903.28(2), Florida Statutes (2002), states as follows:

(2) If the defendant surrenders or is apprehended within 90 days after forfeiture, the court, on motion at a hearing upon notice having been given to the county attorney and state attorney as required in subsection (8), shall direct remission of up to, but not more than, 100 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecution of the defendant. In addition, remission shall be granted when the surety did not substantially participate or attempt to participate in the apprehension or surrender of the defendant when the costs of returning the defendant to the jurisdiction of the court have been deducted from the remission and when the delay has not thwarted the proper prosecution of the defendant.