933 So.2d 122 (2006)
CURLYCAN BAIL BONDS, INC., as Surety for Douglas Fonseca, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2020.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing Denied July 27, 2006.
Michael A. Levin, Weston, for appellant.
Charles J. Crist, Jr., Attorney General, and Charles M. Fahlbusch, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
Curlycan Bail Bonds, Inc. appeals from the denial of its motion for remission of forfeiture of a bond it posted for Douglas Fonseca. We affirm.
*123 Fonseca was arrested and charged with drug trafficking. Curlycan posted a $250,000 bond for Fonseca's release. When Fonseca failed to appear in court as scheduled, the bond was estreated. After extensive efforts, Curlycan was able to locate Fonseca in Venezuela. However, because the president of Venezuela refuses to extradite any native Venezuelan to another country, notwithstanding an existing treaty of extradition between the United States and Venezuela, Curlycan is unable to present Fonseca for prosecution.
Curlycan argues that it should be excused from its obligation because it could not have foreseen that a foreign sovereign would illegally interfere with its performance under the bond agreement. Curlycan contends that the court should apply the contract doctrine of impossibility of performance to excuse its failure to perform herein. A similar situation and argument was considered by the Fourth District Court of Appeal in Allegheny Casualty Co. v. State, 850 So.2d 669, 671 (Fla. 4th DCA 2003). The court stated therein:
"A bail bond is a three-party contract between the state, the accused, and the surety, whereby the surety guarantees appearance of the accused. See Pinellas County v. Robertson, 490 So.2d 1041, 1042 (Fla. 2d DCA 1986). The risk of a defendant not appearing is borne by the surety and the surety, in order to protect its interest, must take precautionary actions to prevent this type of situation. In the instant case, Surety's performance was not rendered impossible by an act of God or an act of the State. Surety's inability to perform its obligation is due to its own fault in permitting the defendant to leave the State of Florida."
Here, it was also a combination of Fonseca's voluntary action in fleeing to Venezuela and Curlycan's failure to take precautionary action to prevent his leaving the jurisdiction which led to the surety's inability to perform its obligation under the bond. Curlycan is therefore not entitled to be relieved of the monetary obligation it contractually assumed.
Affirmed.