967 So.2d 1084 (2007)
STATE of Florida and Clerk of the Circuit Court, Collier County, Appellants,
v.
SUNSHINE STATE BAIL BONDS, INC., Surety, Appellee.
No. 2D07-792.
District Court of Appeal of Florida, Second District.
November 9, 2007.
John W. Carter, Naples, for Appellants.
Lauren Fernandez, Miami, for Appellee.
WHATLEY, Judge.
The State of Florida and the Clerk of the Circuit Court for Collier County appeal a circuit court order which granted partial remission of a bond forfeiture. The order directed that Sunshine State Bail Bonds, Inc. receive a remission of 80% of the bond amount. Because remission was improperly ordered pursuant to section 903.28, Florida Statutes (2005), we reverse.
Youwas Vilpre was charged by information with sale or delivery of cocaine and possession of cocaine with intent to sell. On September 14, 2005, Sunshine State Bail Bonds posted two bonds totaling $10,000 for Vilpre. On February 21, 2006, Vilpre failed to appear for trial and a warrant was issued for his arrest.
A notice of forfeiture was filed on February 23, 2006, and on April 24, 2006, Sunshine State Bail Bonds paid the forfeiture. Vilpre remained at large until he was shot and killed by law enforcement in Georgia on October 25, 2006. Thereafter, the circuit court granted remission of 80% of the bonds ($8,000) on February 5, 2007.
*1085 "A bail bond is a three-party contract between the state, the accused, and the surety, whereby the surety guarantees appearance of the accused." Pinellas County v. Robertson, 490 So.2d 1041, 1042 (Fla. 2d DCA 1986). The remission of a bond forfeiture is a statutory remedy that cannot be ordered for any reason other than as specified in section 903.28. Hillsborough County v. Roche Sur. & Cas. Co., 805 So.2d 937, 938-39 (Fla. 2d DCA 2001). Pursuant to section 903.28, before a court can order remission of a bond, it must determine that there was no breach of the bond and the surety must have apprehended or "substantially attempted to procure or cause the apprehension or surrender of the defendant." Id. at 939. In the present case, there was no breach of the bonds; however, Sunshine State Bail Bonds never argued nor presented evidence to the circuit court that it substantially attempted to procure or cause the apprehension or surrender of Vilpre.
We have been unable to find case law in Florida addressing the remission of a bond forfeiture after the death of the defendant and section 903.28 does not provide for such circumstance. However, Florida courts have addressed the remission of a bond forfeiture when the defendant leaves the jurisdiction and the surety is unable to bring him back to Florida due to the actions of a third party.
In Curlycan Bail Bonds, Inc. v. State, 933 So.2d 122 (Fla. 3d DCA 2006), the defendant failed to appear as scheduled and was later located in Venezuela, which refused to extradite him. Curlycan argued that the court should excuse its failure to perform the contract, based on the doctrine of impossibility of performance, because Venezuela interfered with its performance. Id. at 123. The
Similarly, in Robertson, 490 So.2d at 1042, the defendant failed to appear as scheduled and was later arrested in Arizona, and the State decided not to extradite the defendant. This court noted that the State is not the "surety's surety" and that the surety remains answerable on the bond even though the State declined to extradite the defendant. Id. at 1043 (quoting Umatilla County v. Resolute Ins. Co., 8 Or.App. 318, 493 P.2d 731 (1972)).
In the present case, as in Robertson and Curlycan, the doctrine of impossibility of performance does not excuse Sunshine State Bail Bonds of its obligation to take precautionary action to prevent Vilpre from leaving the jurisdiction, even though the actions of a third party prevented it from bringing Vilpre back to the jurisdiction. See Allegheny Cas. Co. v. State, 850 So.2d 669, 672 (Fla. 4th DCA 2003) ("The risk of a defendant not appearing is borne by the surety and the surety, in order to protect its interest, must take precautionary actions to prevent this type of situation. . . . Surety's inability to perform its obligation is due to its own fault in permitting the defendant to leave the State of Florida.").[1]
Accordingly, we reverse because the trial court erred in directing remission of the *1086 surety bonds where such was not authorized by section 903.28.
Reversed.
NORTHCUTT, C.J., and KELLY, J., Concur.
NOTES
[1] Although this case is controlled by section 903.28, several cases from other states have held that a surety may recover a bond when the death occurs before the scheduled appearance date. See Washington County v. Goldberg Bonding, Inc., 388 N.W.2d 20 (Minn. Ct.App.1986) (holding that where surety was given until date of forfeiture hearing to produce defendant and defendant was killed by police before that date, bond would not be forfeited); State v. Davis, 67 N.M. 6, 350 P.2d 748, 749 (1960) ("It is well settled that the death of the principal before the day fixed for his appearance discharges his surety."); Wilson v. State ex rel. Edmondson, 308 P.2d 315 (Okla.1957) (concluding that surety can recover bond where principal dies before he is scheduled to appear).