EVANDER, J.
The State appeals from an order granting Allstar Bail Bonds’ motion for remis *1219 sion of bond forfeiture. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030. The State contends that the trial court erred in remitting a portion of the forfeited bond to Allstar where the defendant died prior to recapture. We agree and, accordingly, reverse.
The facts are relatively undisputed. Allstar posted a bond in the amount of $7,500 for Reginald Jones who was charged with various drug-related offenses. Jones failed to appear for arraignment on October 20, 2005. Consequently, the trial court forfeited the bond and ordered the issuance of a capias for Jones.
Allstar was unsuccessful in its efforts to locate Jones and subsequently paid the bond forfeiture on December 29, 2005. After paying the bond forfeiture, Allstar continued its unsuccessful efforts to locate Jones until learning that Jones had died in Orange County, Florida, on January 11, 2007. Allstar then filed a motion seeking a remission of the bond forfeiture, arguing that Jones’ death had rendered it impossible to produce Jones. The trial court granted the motion and ordered remission of $3,750.
The regulation of criminal bail bonds is found primarily in chapter 903, Florida Statutes. Section 903.045 provides that by executing a bail bond, the surety assumes the obligation to ensure “that the defendant appears at all subsequent criminal proceedings ...,” and that the surety’s failure to do so constitutes a “breach by the bail bond agent of this commitment and obligation.” A bail bond has been described as a three-party contract between the State, the accused and the surety, “whereby the surety guarantees appearance of the accused.” Allegheny Cas. Co. v. State, 850 So.2d 669, 671-72 (Fla. 4th DCA 2003).
In order to encourage sureties to pursue and apprehend absconding defendants, even after a bond forfeiture, section 903.28 provides an opportunity for a surety to obtain remission of the bond forfeiture. Board of Comm’rs of Brevard v. Barber Bonding Agency, 860 So.2d 10 (Fla. 5th DCA 2003); see also County Bonding Agency v. State, 724 So.2d 131 (Fla. 3d DCA 1998) (finding purpose of remission statute to create financial incentive for sureties to locate and apprehend fugitives).
A surety who has timely paid the forfeiture may obtain remission of at least a portion of the bond forfeiture if: *1220 Here, neither condition was met. It is undisputed that Jones did not surrender nor was he apprehended prior to his death. Furthermore, the delay caused by Jones’ absence from October 20, 2005, to January 11, 2007, did thwart the proper prosecution of the defendant. Although Jones’ death obviously prevented his prosecution subsequent to January 11, 2007, it was Allstar’s failure to produce Jones in October, 2005, or any time thereafter, that prevented the State from prosecuting Jones prior to his death.
*1219 (1) the defendant surrenders or is apprehended within two years of the forfeiture; [1] and
(2) the delay has not thwarted the proper prosecution of the defendant.[2]
*1220 Alistar argues that Jones’ death was “an act of God” which rendered its ability to perform its obligation impossible. If Jones had died prior to his scheduled court date, Allstar’s argument would be well-taken. See, e.g., State v. Davis, 67 N.M. 6, 350 P.2d 748, 749 (1960) (“It is well settled that the death of the principal before the day fixed for his appearance discharges his surety”); see also Wilson v. State ex rel. Edmondson, 308 P.2d 315 (Okla.1957). But here, Allstar failed to perform its obligation long before Jones’ death. As previously noted, section 903.045 imposed an obligation on Allstar to ensure that Jones appeared at all of his criminal proceedings. Jones’ death did not prevent Allstar from performing its obligations. It simply prevented Allstar from being able to mitigate the consequences of its earlier failure to perform.
To accept Allstar’s argument would also require us to ignore the Legislature’s determination that remission is not authorized unless the conditions set forth in section 903.28 are met:
The remission of a forfeiture may not be ordered for any reason other than as specified herein.
§ 903.28(7), Fla. Stat. (2005). A court should construe a statute in accordance with its clear and unambiguous language. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). To date, it appears that Florida courts have recognized only one exception to section 903.28(7); to wit — where the State prevents the surety from producing the defendant. See, e.g., Surety Con’t Heritage Ins. Co. v. Orange County, 798 So.2d 837 (Fla. 5th DCA 2001) (holding surety was entitled to remission of bond where surety’s inability to produce defendant was result of State’s refusal to extradite).
The Second District Court of Appeal has similarly found that a defendant’s death, after forfeiture of the bond, did not entitle the surety to a remission. In State v. Sunshine State Bail Bonds, Inc., 967 So.2d 1084 (Fla. 2d DCA 2007),[3] the defendant fled the state rather than appear for his criminal proceedings. He was killed by a law enforcement officer in Georgia. The court found that the doctrine of impossibility of performance did not excuse the surety of its obligation to take precautionary action to prevent the defendant from leaving the jurisdiction. Although the defendant in this case died in Florida, we find that distinction to be immaterial. The significant facts, in Sunshine and in the instant case, are that the surety failed to ensure the defendant’s presence for his criminal proceedings and then failed to apprehend the defendant prior to his *1221 death. The risk of a defendant not appearing is borne by the surety and the surety, in order to protect its interest, must take steps to prevent a defendant from absconding. Allegheny, 850 So.2d at 672.
Florida courts have similarly rejected the application of the doctrine of impossibility of performance when the surety is able to locate an absconding defendant in another country, but that country refuses to extradite the defendant. Allegheny; see also Curlycan Bail Bonds, Inc. v. State, 933 So.2d 122 (Fla. 3d DCA 2006). As our sister courts did in Sunshine, Allegheny, and Curlycan, we find that the doctrine of impossibility of performance provides no relief to the surety.
REVERSED and REMANDED for entry of an order denying Allstar’s motion for remission.
GRIFFIN, J., concurs.
SAWAYA, J., dissents with opinion.

. A court may order remission of up to 100% of the forfeiture if the defendant surrenders or is apprehended within 90 days of the forfeiture; up to 95% if the defendant surrenders or is apprehended within 180 days; up to 90% if the defendant surrenders or is apprehended within 270 days; up to 85% if the defendant is apprehended or surrenders within one year; and up to 50% if the defendant is apprehended or surrenders within two years. Section 903.28(2) — (6).

. Section 903.28(6), Florida Statutes (2005) provides:
(6) If the defendant surrenders or is apprehended within 2 years after forfeiture, the court, on motion at a hearing upon notice having been given to the clerk of the circuit court and the state attorney as required in subsection (8), shall direct remission of up to, but not more than, 50 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecu *1220 tion of the defendant. In addition, remission shall be granted when the surety did not substantially participate or attempt to participate in the apprehension or surrender of the defendant when the costs of returning the defendant to the jurisdiction of the court have been deducted from the remission and when the delay has not thwarted the proper prosecution of the defendant.

. In fairness to the trial judge, the Sunshine opinion was issued subsequent to the trial court’s order.