PER CURIAM.
 

 Thomas McLean, Claimant, appeals an order of the Judge of Compensation Claims (JCC) finding that the parties entered into a valid and binding settlement agreement of Claimant’s January 5, 1996, workers’ compensation case. Because the settlement papers provided that “[t]his agreement shall have no force and effect and shall be fully voidable by either party until such time that the [JCC] enters the aforementioned Order,” and it is undisputed that the “aforementioned Order” (an order approving the attorney’s fee and child support arrearage allocation) had not been entered at the time Claimant rejected the settlement, the JCC erred in finding the parties had reached a settlement.
 
 See Caceres v. Sedano’s Supermarkets,
 
 36 So.3d 919 (Fla. 1st DCA 2010);
 
 Jones v. Miami-Dade Cmty. Coll.,
 
 933 So.2d 1221 (Fla. 1st DCA 2006).
 

 REVERSED.
 

 BENTON, VAN NORTWICK, and WETHERELL, JJ., concur.