WOLF, J.,
dissenting.
The decision and factual determinations of the JCC should be affirmed. The E/C, in its trial memorandum, argued the parties had negotiated a washout settlement, confirmed by letter dated September 25, 2008, and sought enforcement of the agreement. The letter from Claimant’s attorney to the E/C’s attorney states, in its entirety:
This is to confirm today’s settlement discussions which resulted in the following agreement: $130,000 to settle with Mr. Nemoto and my firm, not to include any past due fees to Mr. Fisher. Mr. Nemoto will retire for medical reasons and will not seek re-employment with United Airlines. No vested Employee benefits will be affected by this settlement. Employee believes no MSA [Medicare Set-Aside] is necessary as he has no intention of becoming a Medicare recipient. The [E/C] is already in the process of obtaining an MSA allocation. Therefore, this settlement is not final until the parties have reviewed and approved any MSA requirement and my client and I have approved of all language in all settlement documents that United requires Mr. Nemoto to sign. The settlement documents must be filed with the Judge by November 30, 2008. Medical benefits remain available to Mr. Nemoto until JCC approval.
Please be advised, that should the settlement documents not be submitted to the Judge by November 30, 2008, we will proceed to the Judge for a ruling on the pending Petitions. Mr. Nemoto wants to make it clear that if the judge has not been provided with the settlement documents for approval by November 30, 2008, THERE WILL BE NO FURTHER NEGOTIATIONS.
(Emphasis added).
The MSA documents were not presented to the Claimant for approval. Upon explaining his ruling, the JCC explained that the E/C had not satisfied the burden of proof to enforce the settlement because the plain language of the letter showed that the settlement would not be final until the Claimant’s attorney had reviewed and approved any MSA requirement. The JCC further observed that the Claimant had elected to rescind the agreement because, even up to the date of this hearing, no MSA requirement had been given to the parties.
On de novo review, the JCC’s understanding of the agreement was not error. Despite the absence of the word “contingency,” the plain language of the letter makes the contract contingent on Claimant’s acceptance of an MSA. Similar to the wording in the contract reviewed in McLean v. McLane Grocery Dist., 41 So.3d 334 (Fla. 1st DCA 2010), which said “ ‘[t]his agreement shall have no force and effect ... until ... the [JCC] enters the aforementioned Order,’ ” the language here that “this settlement is not final until the parties have reviewed and approved any MSA requirement,” indicates the parties had not reached a settlement until the MSA issue was resolved. The court *798 should not attempt to impose a settlement upon a party contrary to the intent expressly stated in the agreement. See Jones v. Miami-Dade Cmty. Coll., 983 So.2d 1221 (Fla. 1st DCA 2006). Thus, I would affirm.