SAWAYA, J.
Chapter 903, Florida Statutes, is a compilation of enactments governing bail, criminal surety bail bonds, and the procedures bail bond agents should follow in order to obtain relief from the commitments and obligations imposed on them by the surety bonds they issue once the bonds are forfeited. The circumstances of this case involve a bail bond agent who did not follow the statutory procedures by timely paying the forfeitures and seeking remission or obtaining a judgment and moving to set the judgment aside. Instead, the bail bond agent filed a Motion to Set Aside Bond Forfeitures and Discharge Bonds. When that motion was denied, the agent filed a Motion to Reconsider, which was also denied. The bail bond agent has appealed the order denying the Motion to Reconsider, and the question presented is whether this court has jurisdiction to review that order.
The bonds at issue in this case were posted in connection with the criminal prosecution of Jorge Diaz. The facts underlying the crimes Diaz allegedly committed are not important to the resolution of the issue before us, so we will not dwell upon them. It is sufficient to state that Diaz was initially arrested for five felony charges that subjected him to a maximum penalty of fifty years in prison. Polakoff and Aabbott Bail Bonds (Polakoff) issued separate criminal surety bail bonds for each of the five charges, thus securing Diaz’s release from custody.[1] When the State subsequently filed its Information, it included four of the five charges originally lodged against Diaz, but added twenty-five additional felony charges, thereby increasing Diaz’s maximum possible sentence to 175 years in prison. Needless to say, Diaz absconded and, after he failed to appear for his scheduled arraignment, forfeiture of the bonds was entered by the clerk. Notice of the forfeiture was mailed to Po-lakoff on September 13, 2011, which gave Polakoff sixty days, or until November 13, to pay the forfeiture under section 903.26(2)(a), Florida Statutes.
Rather than pay the forfeiture, Polakoff filed within the sixty-day period a Motion to Set Aside Bond Forfeitures and Discharge Bonds. The motion was filed on November 1 and heard eight days later. The trial court reserved ruling on the motion and stayed entry of judgment on the forfeiture based on the representation by the State that it did not object to the court staying payment on the forfeiture. On November 22, the trial court entered an order denying the motion as to the four original charges covered by the bonds that were included in the Information.[2] Additionally, the trial court ordered that the previous stay order would remain in effect until the time to file a notice of appeal had expired and that a subsequent stay order would have to be obtained in the event an appeal was filed. Polakoff then filed a *255 Motion to Reconsider, and the trial court issued yet another stay order pending resolution of this motion. The motion was heard on January 17, 2012, and the ensuing order denying the Motion to Reconsider was entered on May 20, 2012. That order also provided that the previously ordered stay would remain in effect until the time to file an appeal had expired.
On June 18, Polakoff filed its Notice of Appeal of the order denying the Motion to Reconsider and paid the forfeiture amount to the clerk the next day. The State contends that the procedure Polakoff followed in seeking relief from its obligations under the surety bail bonds it posted resulted in an order that is not reviewable on appeal. We agree.
When a bail bond agent executes a criminal surety bail bond, the bail bond agent becomes obligated to ensure that the defendant timely appears at all subsequent court proceedings. § 903.045, Fla. Stat. (2011). A criminal surety bail bond is, in essence, a contract involving three parties: the State, which brings the criminal charges; the bail bond agent, which is the surety; and the defendant, who is the principal. Allegheny Cas. Co. v. State, 850 So.2d 669, 671-72 (Fla. 4th DCA 2003) (citing Pinellas Cnty. v. Robertson, 490 So.2d 1041, 1042 (Fla. 2d DCA 1986)). Failure of the principal to timely appear constitutes a breach by the surety of its obligations under the bond and triggers forfeiture of the bond under chapter 903, Florida Statutes. § 903.045, Fla. Stat. (2011); Bd. ofCom/m’rs of Brevard v. Barber Bonding Agency, 860 So.2d 10, 11-12 (Fla. 5th DCA 2003) (“Parties’ rights and remedies regarding discharge of forfeited bonds and remission of part or all of the funds forfeited are currently governed by statutes and the courts are limited by their provisions.”). At this juncture, we note that if the principal appears on the specified date, albeit beyond the specified time, the trial court will have the discretion in the interest of justice to set aside any forfeiture of the bond that may have been entered. § 903.26(2)(b), Fla. Stat. (2011). Late appearance beyond the specified date, however, constitutes a forfeiture and “the court shall not preclude entry of such forfeiture by the clerk.” Id. Hence, we must look to the statutory provisions governing forfeitures in chapter 903 to determine the appropriate procedures governing forfeitures and the courses of action the surety is authorized to take after the bond has been forfeited and notice of the forfeiture has been provided to the surety. These procedures will generally determine whether a proper order or judgment has been rendered that bestows jurisdiction upon the appellate court.
The events that trigger application of the forfeiture procedures generally occur when the bond is breached. In the event the breach is committed by an absconding principal who fails to appear in court when required, as Diaz did in the instant case, a forfeiture will automatically be entered by the clerk and notice of the forfeiture will be mailed to the surety within five days. § 903.26(2)(a)-(b), Fla. Stat. (2011). At this juncture, absent a tardy appearance on the specified date by the principal and the trial court’s discretionary decision to set aside any forfeiture that may have been entered, there are three courses of action the surety may take regarding forfeiture proceedings under chapter 903. We will explain them seriatim.
First, the surety may timely pay the forfeiture amount and seek remission under section 903.28. See Hillsborough Cnty. v. Roche Sur. & Cas., Co., Inc., 805 So.2d 937, 939 (Fla. 2d DCA 2001) (“Without payment of the forfeiture, there are no funds for the clerk of the court to remit. Furthermore, failure to pay the forfeiture *256 constitutes a breach of the bond.”); Cnty. of Volusia v. Audet, 682 So.2d 687 (Fla. 5th DCA 1996).[3] Once timely payment is made, and within two years from the forfeiture, the surety may file an application for remission of the forfeiture under the premise that no breach occurred. § 908.28(1), Fla. Stat. (2011).[4] The order either granting or denying remission is a final, appealable order that brings finality to the forfeiture issue.
Second, the surety may file a motion to discharge the forfeiture pursuant to section 903.26(5). However, discharge is limited to the following circumstances: 1) it was impossible for the principal to appear due to circumstances beyond his or her control; 2) the principal was adjudicated insane and was confined at the time scheduled for his or her appearance; or 3) the principal surrenders or is arrested and the delay did not thwart the proper prosecution of the case. § 903.26(5)(a)-(c), Fla. Stat. (2011); see also § 903.26(6), Fla. Stat. (2011) (“The discharge of a forfeiture shall not be ordered for any reason other than as specified herein.”). Since none of these circumstances is present in the instant case, we will discuss them no further.
Third, the surety may elect not to pay the forfeiture within the sixty-day period. If the surety follows this course and the bond is secured other than by money and bonds authorized in section 903.16, the clerk of the circuit court shall enter a judgment against the surety. § 903.27(1), Fla. Stat. (2011). After notice of the judgment by the clerk, the surety may have thirty-five days to pay the judgment amount and.file a motion to set aside the judgment or to stay the judgment. § 903.27(4)-(5), Fla. Stat. (2011). Timely payment of the judgment amount is a condition of the motion. Id. If a motion is filed, the funds paid to the clerk are held in escrow and all further proceedings are stayed until the motion to set aside the judgment is resolved. Id. “The filing of such a motion, when accompanied by the required escrow deposit, shall act as an automatic stay of further proceedings, including execution, until the motion has been heard and a decision rendered by the court.” § 903.27(5), Fla. Stat. (2011). Failure to pay the judgment within thirty-five days results in a bar against the surety to execute future bail bonds, and the clerk shall furnish the Department of Financial Services, the Office of Insurance Regulations, and the applicable county sheriff with two copies of the judgment and a certificate stating that the judgment remains unsatisfied. § 903.27(1), (3), Fla. Stat. (2011).
Here, Polakoff did not file a motion for remission pursuant to section 903.28(1) *257 or a motion to set aside judgment pursuant to the pertinent provisions of section 903.27. Instead, Polakoff filed a Motion to Set Aside Bond Forfeitures and Discharge Bonds. While motions to discharge forfeiture are authorized under section 903.26(5), that statute applies to a very limited number of circumstances that are inapplicable to the instant case. When that motion was denied, Polakoff filed a Motion to Reconsider and, after that motion was denied, Polakoff filed a Notice of Appeal of the order denying reconsideration. Rather than follow the appropriate statutory procedures, Polakoff embarked upon an unehartered procedural path that led to an order that is not reviewable.
Polakoff argues that this court has affixed its judicial imprimatur to the procedure it followed, citing Mike Snapp Bail Bonds v. Orange County, 913 So.2d 88 (Fla. 5th DCA 2005), to support that contention. Our reading of Snapp leads us to conclude that Snapp neither approves of the procedural course Polakoff took nor dictates an answer to the jurisdictional question before us. Snapp is so factually different and distinguishable from the instant case, it is of little precedential value in resolving the issue before us.
This case amply demonstrates the pitfalls that may be encountered when a bail bond agent fails to comply with the statutory procedures and requirements contained in chapter 903. Those who elect to follow a different course proceed at their own risk. We conclude that we do not have jurisdiction to review the order denying reconsideration presented by Polakoff, and we dismiss this appeal.
DISMISSED.
PALMER and EVANDER, JJ., concur.

. In 2006, the Legislature amended section 903.02(4), Florida Statutes, to provide that "[a]ny judge setting or granting monetary bail shall set a separate and specific bail amount for each charge or offense. When bail is posted, each charge or offense requires a separate bond.” Ch. 2006-279, § 1, Laws of Fla. Prior to that amendment, courts could set one blanket bond covering all charges in a particular case.

. The trial court did grant the motion only as to the original charge that the State omitted from the Information.

. This court in Audet applied the prior versions of the pertinent statutes that contained a thirty-five day period. For example, prior to the 2000 amendment of section 903.26(2)(a)', Florida Statutes, that section required that the forfeiture be paid within thirty-five days of the date the notice was mailed by the clerk. The amendment changed the time period to sixty days. Ch. 2000-178, § 4, Laws of Fla. The pertinent time periods contained in section 903.26 were changed from thirty-five days to sixty days via amendment to the statute in 1999. Ch. 99-303, § 4, Laws of Fla.; see also Frontier Ins. Co. v. State, 760 So.2d 299, 300 n. 1 (Fla. 3d DCA 2000) (noting the amendment).

. Within this two-year period, the surety may seek various levels of partial repayment depending on the timeframe of the principal’s surrender after the forfeiture. See § 903.28(2)-(6), Fla. Stat. (2011). The application must be accompanied by- supporting affidavits and the clerk and the state attorney must be given twenty days’ notice before the application may be heard. See § 903.28(8), Fla. Stat. (2011). The clerk of the circuit court is the real party interest in appeals arising from forfeiture proceedings. § 903.28(10), Fla. Stat. (2011).