PER CURIAM.
A defendant on bond who inconvenienced the court, a jury venire, and witnesses by not appearing on the date of trial, but who was surrendered by the surety to the custody of authorities within thirty days of the trial date and was subsequently tried and convicted, has not “thwarted the proper prosecution of the defendant” as that term is used in sections 903.26(5)(c) and 903.-28(2), Florida Statutes (1983). See Allied Bonding Agency, Inc. v. State, 358 So.2d 246 (Fla. 4th DCA 1978) (not every disappearance of a defendant thwarts prosecution even though it causes delay). Here a timely motion to vacate the forfeiture was made by defendant’s counsel prior to the entry of a forfeiture judgment. The trial court reserved ruling on that motion and, after the judgment of forfeiture was entered, denied a subsequent motion to vacate filed by the surety, ruling that the defendant’s failure to appear constituted a thwarting of the prosecution as a matter of law. We disagree. On remand the trial court may, in the exercise of discretion, consider circumstances other than the delay or the subsequent conviction in ruling on the motion to vacate judgment of forfeiture and discharge surety.
Reversed and remanded for further proceedings.