BARFIELD, Judge.
Appellants, Rubin S. Williams Bailbonds, Inc. and Bankers Insurance Company, appeal the trial court’s order denying appellants’ motion to discharge forfeiture of two bailbonds. We reverse.
Appellants were the bailbondsman and surety on appearance bonds for Gary Har-vin in the amount of $2,000 and for Terry Williams Brown for $5,000.00. Harvin failed to appear for trial on firearm charges on January 21, 1985. On January 24, 1985, the trial judge ordered Harvin’s bond estreated through a certificate and declaration of forfeiture. On January 23, 1985, appellants surrendered Harvin to the authorities, having apprehended or otherwise arrested Harvin.
The same events transpired in Brown’s case with Brown’s failure to appear at a probation revocation hearing on January 18,1985 resulting in a certificate and declaration of forfeiture of Brown’s bond on January 21, 1985. On January 23, 1985, appellants surrendered Brown to the proper authorities.
On February 1, 1985, appellants moved the trial court to discharge the forfeiture of bond in both cases, citing section 903.-26(5)(c), Florida Statutes (1983). That section permits discharge within 30 days of the order of forfeiture when the surety procures or causes the defendant’s surrender and the delay does not thwart the proper prosecution of the defendants. On May 3,1985, the trial court denied the motion to set aside the forfeiture. In his order the trial judge set forth a stipulation by the parties and accepted by the court that any delay in apprehension and surrender of the defendants did not thwart proper prosecution.
No reason is given by the trial court for the denial of the discharge other than the adoption of the rationale in a county court *1066 opinion from Alachua County. That opinion suggests that section 903.29, Florida Statutes (Supp.1984), denies to the surety the right to arrest the principal until after the surety had paid the forfeiture. The same argument is put forth by the State in this appeal.
The logic of the State’s argument escapes us. It suggests the trial court has no discretionary authority to exercise in the matter of forfeiture discharges unless the forfeiture has been paid, notwithstanding that the surety brought the principal back before the court. This is contrary to the provisions of section 903.26(5)(c), Florida Statutes, and the purpose of chapter 903 to insure presence of the defendants when required for court proceedings. The thrust of the trial court’s order and the State’s position is that a conscientious bondsman upon learning of the failure to appear of his principal must first hurry to the court house to pay the forfeiture before effecting the apprehension of the principal, even though that delay may allow the principal to escape forever.
The only construction of section 903.29, Florida Statutes (Supp.1984) that comports with the rationale of the rest of the chapter is that the section provides a limitation on the arrest power for a term not to exceed two years after payment of the forfeiture. It in no way impinges upon the surety’s right to bring the defendant before the court within the 35 days before a judgment is entered on the forfeiture. § 903.27(1), Fla.Stat. (1983).
The trial judge having already determined that the delay has not thwarted the proper prosecution of the defendants, it would appear that failure to discharge the forfeiture would be an abuse of discretion unless the trial court can articulate some further reason for denying discharge in this case. § 903.26(5)(c), Fla.Stat. (1983).
The order of the trial court is REVERSED and the case REMANDED to the trial court for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.