COWART, Judge.
After they were arrested and charged with committing criminal offenses, Juan Alvera Santaeruz and Maria DelCarmen Santacruz obtained release from custody pursuant to surety bonds written by appellant American Bankers Insurance Company. These defendants failed to appear for trial, and their surety bonds were estreat-ed. After receiving numerous stays to enable it to locate the defendants, American notified the trial court that both defendants were in Columbia, S.A.; Juan was incarcerated there. The State Attorney was either unable or unwilling to initiate extradition proceedings. The trial court entered a judgment of forfeiture of the surety bail bonds, and denied American’s motion to set aside the judgment of forfeiture. See § 903.27(5), Fla.Stat. American appeals. We affirm.[2]
In writing the bail bonds, American obligated itself to insure that the defendants would appear for trial as ordered. The defendants failed to appear at trial. American urges that it should be relieved from its obligation under the bail bonds because the State Attorney has not extradited the defendants. We reject this argument, and agree with the Second District Court of Appeal in Pinellas County v. Robertson, 490 So.2d 1041, 1043 (Fla. 2d DCA 1986), wherein it was stated:
[t]he fact that [the principal’s] presence may subsequently be obtained through extradition cannot eliminate the prejudice to the state which must be presumed as a result of the delay in bringing him to trial. Since the surety failed to perform its obligation, it must be held liable upon its undertaking.
See also Public Service Mutual Insurance Co. v. State, 135 So.2d 777 (Fla. 1st DCA 1961). The appealed judgment of forfeiture is
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. Contrary to American’s argument, it lost its chance to seek remission of the forfeiture of the bonds under section 903.28, Florida Statutes, as the forfeitures had already been reduced to judgment. See Resolute Insurance Co. v. State For Use and Benefit of Dade County, 289 So.2d 456 (Fla. 3d DCA 1974).