528 So.2d 430 (1988)
ACCREDITED SURETY & CASUALTY COMPANY, INC., Appellant,
v.
PUTNAM COUNTY, FLORIDA, Appellee.
No. 87-835.
District Court of Appeal of Florida, Fifth District.
June 16, 1988.
Rehearing Denied July 22, 1988.
*431 Edward E. Hedstrom, Palatka, for appellant.
Ronald E. Clark, Palatka, for appellee.
COBB, Judge.
Appellant, Accredited Surety and Casualty Company, Inc., was surety on the appearance bonds for two criminal defendants. When the defendants failed to appear in court at the proper time, the bonds were forfeited. The surety secured the surrender and arrest of one defendant on the same day he failed to appear; the other defendant was apprehended and surrendered six days after he failed to appear. When the surety applied for remission of the two forfeitures pursuant to section 903.28(2), Florida Statutes, the trial court ordered a remission of only 75% of the amount of the appearance bonds. Accredited Surety appeals.
Section 903.28(2), Florida Statutes (Supp. 1986), the applicable statute in this case, provides:
(2) If the defendant surrenders or is apprehended within 90 days after forfeiture, the court, on motion at a hearing upon notice having been given to the county attorney and state attorney as required in subsection (8) may direct remission of up to, but not more than, 100 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecution of the defendant. In addition, remission may be granted when the surety did not substantially participate or attempt to participate in the apprehension or surrender of the defendant when the costs of returning the defendant to the jurisdiction of the court have been deducted from the remission and when the delay has not thwarted the proper prosecution of the defendant.
(Emphasis added.)[1]
As we read this statute, the movant (the surety) has the burden, after forfeiture, to show that it substantially procured or substantially attempted to procure the return of the defendant for trial and that any delay has not thwarted proper prosecution. Once the movant has established these two conditions precedent, then (and only then) does the trial court have discretion to remit some or all of the forfeited bond to the surety. Since any remission is a windfall to the surety, the legislature has not provided parameters for the exercise of that discretion.
The trial court, in its order denying full remission in the instant case, stated:
The application by the bail bondsman in these cases does not contain any recitation of what efforts were made by the bondsman to insure that the Defendants were in court at the appropriate time. The applications only refer to efforts made by the bondsman after Defendants failed to appear.
If there must be some reasonable (albeit undefined) basis enunciated by the trial judge to justify the exercise of the unfettered discretion accorded him by the Florida Legislature in this area  and we do not believe such to be the case  then the above reason, standing alone, justifies the refusal of the trial judge to grant full remission. Certainly a bail bondsman who neglects to notify his defendant of appointed court dates must be subject to some sanction.
The appellant's reliance on Accredited Surety & Casualty Co., Inc. v. State, 418 So.2d 378 (Fla. 5th DCA 1982), is misplaced, since that case concerned a void judgment entered without notice and the entry of a court order violative of an express agreement between the parties and the court. In the instant case there was no *432 such agreement and notice to the surety was not disputed.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The discretionary word "may" was substituted for the mandatory word "shall" by amendment effective October 1, 1982.