652 So.2d 464 (1995)
LEON COUNTY, Florida, Appellant,
v.
ALOI WILLIAMS BONDING AGENCY, Appellee.
No. 94-712.
District Court of Appeal of Florida, First District.
March 23, 1995.
Herbert W.A. Thiele, County Atty., Julie E. Lovelace, Sr. Asst. County Atty., Cassandra *465 K. Jackson, Asst. County Atty., Tallahassee, for appellant.
Robert A. Rand, of Rand & Walker, P.A., Tallahassee, for appellee.
MICKLE, Judge.
Leon County appeals an order granting a surety agent's motion seeking reimbursement of 100 percent of the amount forfeited when the defendant who had posted bond failed to make a scheduled appearance in court. We are constrained to reverse the order granting a full remission, and to remand with directions to order remittance of forfeiture in an amount allowed under the express terms of section 903.28(6), Florida Statutes (1993).
Raj Serai (Defendant) was arrested (in lower court Case No. R91-3179-AF-001) and posted bond on September 21, 1991, with a surety agent, Aloi-Williams Bonding Agency (Appellee), in the amount of $25,000.00. When Defendant failed to appear in county court on January 28, 1992, the bond was estreated by written order, and Appellee paid the $25,000.00 forfeiture. In its motion for remittance, Appellee alleged 1) that after posting bond, Defendant had left the country and resided in India, 2) that Appellee had made "every reasonable effort to secure the Defendant's presence in court on the dates set out by court order," 3) that Defendant had voluntarily surrendered to the Leon County Jail on March 23, 1993, on the failure to appear in court, and 4) that the delay in apprehending Defendant had not thwarted the state's proper prosecution of its case. Appellee offered to pay expenses, if any, incurred by Leon County.
After a hearing on Appellee's motion, the trial court ordered Leon County to reimburse to Appellee $25,000.00, i.e., the full amount of the forfeited bond. The trial court found that the circumstances of Defendant's disappearance were unrelated to any failure on Appellee's part, that the particular circumstances merited "an exceptional remedy due to the Defendant's flight from this country" and Appellee's efforts to effect Defendant's return, and that the prosecution's case had not been damaged. The specific authority governing remission of forfeiture here is section 903.28, Florida Statutes (1993), which states:
If the defendant surrenders or is apprehended within 2 years after forfeiture, the court, on motion at a hearing upon notice having been given to the county attorney and state attorney ..., may direct remission of up to, but not more than, 50 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety... . In addition, remission may be granted when the surety did not substantially participate or attempt to participate in the apprehension or surrender of the defendant when the costs of returning the defendant to the jurisdiction of the court have been deducted from the remission and when the delay has not thwarted the proper prosecution of the defendant.
"The remission of a forfeiture may not be ordered for any reason other than as specified herein." § 903.28(7), Fla. Stat. Defendant surrendered to the court within two years after the $25,000.00 forfeiture.
Leon County does not challenge the trial court's findings that would permit Appellee to recover up to the statutory percentage of the forfeited monies. Accredited Surety & Casualty Co., Inc. v. Putnam County, Florida, 528 So.2d 430, 431 (Fla. 5th DCA 1988) (after forfeiture, surety has burden to show substantial procurement or attempt relating to surrender and the absence of prejudice to the proper prosecution of the case). However, Leon County contends, and we agree, that the plain language of subsection (6) invests discretionary authority to order a maximum remission only "up to, but not more than, 50 percent of a forfeiture," which amount is $12,500.00 in the case at bar. As forfeitures are not favored at law, we are mindful of the established Florida decisional rule calling for strict construction of a statute allowing forfeiture. See, e.g., Flam v. City of Miami Beach, 449 So.2d 367 (Fla. 3d DCA 1984); Resolute Ins. Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972); Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969). Because forfeiture is a harsh penalty, forfeiture statutes *466 generally are "strictly construed in favor of the party against whom the penalty is sought to be imposed." Cabrera v. Department of Natural Resources, 478 So.2d 454, 456 (Fla. 3d DCA 1985). In the provision to be interpreted in the case sub judice, the legislature has plainly and clearly addressed the general parameters within which the court can order reimbursement. Accordingly, we conclude that the trial court exceeded the permissible limits of the statute in directing Appellee to remit 100 percent of the $25,000.00 amount of the bond. See Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980) (strictly construing statutory provisions enacted by legislature for orderly estreature and collection of bail bonds).
In support of its decision, the trial court determined that it would be inequitable, under the circumstances, for Leon County to retain any portion of the bond in this matter. Indeed, the Florida Supreme Court has recognized the broad inherent power of a court to do that which is "reasonably necessary for the administration of justice within the scope of its jurisdiction," even if the judicial act exceeds the apparent limits as set forth in a statute. See White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376 (Fla. 1989) (recognizing trial court's inherent power to depart from "unrealistic" statutory maximum in attorney's fees, for representation of indigent defendant, where fee cap materially impaired first-degree murderer's constitutional right to competent counsel); Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978) (acknowledging judicial authority to exceed statutory cap, where provision setting maximum amount for witness compensation was deemed an infringement on a constitutional right). We note, however, that the facts in Rose constituted a "most unusual situation" where the purported compensation and expense caps in the statute, if strictly construed, would have directly and improperly infringed on a specific constitutional right (to compulsory process). Id. at 139. We conclude that White and Rose are materially distinguishable from the instant circumstances.
Additionally, we note that the statute already addresses the essential factors offered by Appellee in support of some relief. The legislature intended to encourage the expeditious apprehension or surrender of a defendant, in that a statutory graduating scale calculates the percentage of forfeiture remittable according to the amount of time that has passed, after forfeiture, until a defendant is returned to justice. The trial court made proper findings based on the record to warrant some reimbursement to Appellee. Indeed, a surety may be entitled to remission of up to a 100 percent forfeiture where a defendant surrenders or is apprehended "within 90 days after forfeiture." § 903.28(2), Fla. Stat.; Accredited Surety, 528 So.2d at 430. Such is not the case here.
REVERSED and REMANDED, with directions.
BOOTH and VAN NORTWICK, JJ., concur.