724 So.2d 131 (1998)
COUNTY BONDING AGENCY, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2347.
District Court of Appeal of Florida, Third District.
November 25, 1998.
*132 John H. Lipinski, for appellant.
Robert A. Ginsburg, Dade County Attorney, and Jess M. McCarty, Assistant County Attorney, for appellee.
Before COPE, GREEN, and SORONDO, JJ.
COPE, J.
County Bonding Agency appeals the denial of its motion to discharge forfeiture of a bail bond. We affirm.

I.
County Bonding issued a $15,000 bail bond to secure the appearance of Karen R. Lloyd, who was charged with grand theft and exploitation of the elderly. Defendant Lloyd absconded to Jamaica, and failed to appear at her March 18, 1997, court date.
County Bonding located defendant in Jamaica and had her arrested. The State declined to have the defendant extradited, even though County Bonding undertook to pay all expenses. County Bonding argued that, under the circumstances, the bond forfeiture should have been vacated. The trial court refused and County Bonding has appealed.

II.
The first question we must consider is whether the trial court can grant an extension of the thirty-five-day time period for payment or discharge contained in section 903.26, Florida Statutes. We conclude that the thirty-five-day period cannot be extended.
A defendant's failure to appear results in forfeiture of the bond. See § 903.26(2)(b), Fla. Stat. (1995). The surety must pay the forfeiture within thirty-five days of the date that the clerk mails notice. See id. § 903.26(2)(a),(b). The statute allows the court to discharge a forfeiture within the thirty-five-day period upon, among other things, "[s]urrender or arrest of the defendant if the delay has not thwarted the proper prosecution of the defendant." Id. § 903.26(5)(c).
In the present case, County Bonding obtained several extensions of the thirty-five-day deadline so that it could pursue the defendant in Jamaica. The State argues that the thirty-five-day time period in section 903.26 cannot be extended. After considering the statutory scheme as a whole, we agree with the State.
Chapter 903 is clear that the forfeiture must be paid or discharged within thirty-five days. See id. §§ 903.26(2)(a),(b), 903.27(1). This strict deadline is ameliorated, however, by the remission statute, section 903.28. Section 903.28 "establishes a method that the bondsman can use to receive what is in effect a two-year extension of time to surrender the defendant if the bondsman pays the forfeiture prior to the entry of final judgment." Thomas W. Logue & William X. Candela, Florida Law of Bail Bond Estreature, Fla. B.J., Feb. 1989, at 44, 45 (footnote omitted).
In sum, the thirty-five-day time period of section 903.26 cannot be extended.[1] The correct procedure was for County Bonding to pay the forfeiture within thirty-five days and then, when defendant was later apprehended, seek remission of forfeiture under section *133 903.28. Because County Bonding relied on the extensions of time and ultimately paid the forfeiture, our ruling on this appeal is without prejudice to the surety to apply for remission of forfeiture under section 903.28.

III.
The State argued alternatively that remission of forfeiture is never available where, as here, the defendant is arrested in a foreign jurisdiction and the State declines to extradite. The trial court agreed, considering itself bound by American Bankers Ins. Co. v. Seminole County, 526 So.2d 736, 737 (Fla. 5th DCA 1988); Pinellas County v. Robertson, 490 So.2d 1041, 1043 (Fla. 2d DCA 1986); and Public Serv. Mut. Ins. Co. v. State, 135 So.2d 777 (Fla. 1st DCA 1961).
Section 903.28 allows remission of forfeiture if, among other things, "the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecution of the defendant." § 903.28(3), Fla. Stat.[2] The surety's proffer here was that it had caused defendant to be arrested in Jamaica, but when the State declined to extradite, the defendant had to be released. Assuming no prejudice to the prosecution on account of the delay,[3]see id., the surety would be entitled to remission. See id.
The purpose of section 903.28 is to create a financial incentive for sureties to locate and apprehend fugitives. Assuming the facts to be as proffered by the surety, the surety did exactly what the statute is designed to encourage.[4] The State had the prerogative to decline to extradite if it so chose, but under the current version of section 903.28, the refusal to extradite does not defeat an otherwise meritorious remission claim.
We distinguish the three cases relied on by the trial court. The current text of section 903.28 came into the statute in 1982, see ch. 82-175, § 60, Laws of Fla., long after this court's Public Service Mutual case was decided. Although the American Bankers and Pinellas County cases were decided after the 1982 statutory amendment, neither case examines the expansive language of section 903.28.

IV.
The trial court order is affirmed insofar as it declines to set aside the forfeiture. This ruling is without prejudice to County Bonding to apply for remission of forfeiture under section 903.28.
Affirmed.
NOTES
[1] Because the trial court disposed of the surety's motion on the basis of the argument discussed in part III of this opinion, the court did not reach the State's contention that the thirty-five-day period was not subject to extension.
[2] Section 903.28(3) is applicable here because the defendant was apprehended within 180 days; it allows a remission "of up to, but not more than, 95 percent of a forfeiture ...."
[3] Prejudice is unlikely because defendant had confessed.
[4] The State may, of course, controvert the surety's rendition of the facts in any proceedings that may be instituted under section 903.28.