798 So.2d 837 (2001)
SURETY CONTINENTAL HERITAGE INSURANCE CO., Appellant,
v.
ORANGE COUNTY, Florida, Appellee.
No. 5D00-2492.
District Court of Appeal of Florida, Fifth District.
November 2, 2001.
John H. Lipinski, Miami, for Appellant.
George L. Dorsett, Assistant County Attorney, Orlando, for Appellee.
SAWAYA, J.
Surety Continental Heritage Insurance Company [Continental] appeals the trial *838 court's order denying its Motion for Remission of Bond Forfeiture. Continental argues that, as surety, it is entitled to remittance pursuant to section 903.28, Florida Statute (1999), because it substantially attempted to procure or cause the apprehension or surrender of Dwight Morrison and Marcus Wilson, the defendants who failed to appear at trial and subsequently absconded to Jamaica. Based on the particular facts and circumstances of the instant case, we agree and reverse.
Morrison and Wilson were charged by information with the offense of trafficking in marijuana. Bond for each was set at $25,000. C.E. Parrish General Agency, Inc., the bondsman, and Continental posted each bond. Morrison and Wilson were released from custody. Subsequent to their release, Morrison and Wilson failed to appear at their scheduled trial.
In accord with section 903.26(2)(a), Florida Statutes, the bonds were forfeited. Approximately one year later, Continental, pursuant to section 903.28, filed its motion for remission. In the motion, Continental asserted that it had located Morrison and Wilson in Montego Bay, Jamaica, and that it was willing to transport them back to the jurisdiction of the trial court. A letter from the Jamaican authorities was attached to the motion wherein the Jamaican Constable informed Orange County [the County] that the arrest of Morrison and Wilson could not be accomplished without an arrest warrant being issued by the United States. The letter also indicates the Jamaican authorities' willingness to extradite Morrison and Wilson at the County's expense. The State Attorney's Office, however, refused to initiate extradition proceedings.
At the hearing on the motion, Continental asserted that "its hands were tied" because of the State's lack of cooperation. After hearing argument, the trial court denied the motion reasoning that it is "the bondsman's obligation to produce the body." The County[1] contends in the instant proceedings that the trial court was correct and that affirmance is appropriate.
The issue we must resolve is whether the trial court erred in denying the motion for remission when the surety located the fugitives in Jamaica, was ready to pay all costs associated with their transport back, the Jamaican police were ready to place them under arrest, but the State Attorney's Office refused to initiate extradition proceedings.
"The purpose of bail is to place the accused as much under the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused whenever required by the court." Bankston v. State, 279 So.2d 326, 327 (Fla. 2d DCA 1973) (citations omitted). Failure of the accused to appear at the time, date and place required shall result in forfeiture of the bond. § 903.26(2)(b), Fla. Stat. (1999). However, section 903.28 provides for remission of a forfeited bond and states in pertinent part:
If the defendant surrenders or is apprehended within 1 year after forfeiture, the court, on motion at a hearing upon *839 notice ... shall direct remission of up to, but not more than, 85 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecution of the defendant. In addition, remission shall be granted when the surety did not substantially participate or attempt to participate in the apprehension or surrender of the defendant when the costs of returning the defendant to the jurisdiction of the court have been deducted from the remission and when the delay has not thwarted the proper prosecution of the defendant.
§ 903.28(5), Fla. Stat. (1999).
Morrison and Wilson did not surrender and they were not actually apprehended. Therefore, Continental cannot establish that the condition precedent required by the statute has been met. However, we conclude, based on the record in the instant appeal, that Continental "substantially attempted to procure or cause the apprehension or surrender of the defendants." § 903.28, Fla. Stat. (1999). Continental tracked Wilson and Morrison to Jamaica through its own investigation. Subsequent to locating the fugitives, Continental was willing to travel to Jamaica, apprehend them, and pay the entire expense of their extradition. It was prevented from doing so, however, because the State was unwilling to initiate extradition proceedings. As this court explained in Accredited Surety & Casualty Co. v. Putnam County, Fla., 528 So.2d 430 (Fla. 5th DCA 1988):
[T]he [surety] ... has the burden, after forfeiture, to show that it substantially procured or substantially attempted to procure the return of the defendant for trial and that any delay has not thwarted proper prosecution. Once the [surety] has established these two conditions precedent, then (and only then) does the trial court have discretion to remit some or all of the forfeited bond to the surety. Since any remission is a windfall to the surety, the legislature has not provided parameters for the exercise of that discretion.
Id. at 431. Although Morrison and Wilson were not apprehended, this failure is due in large part to the State's unwillingness to extradite them. In actuality, all that remained was for the State to take advantage of Continental's preceding efforts. It failed to do so, however, and we must determine whether, under the particular facts and circumstances of the instant case, Continental should be prevented from taking advantage of the remission provisions of section 903.28.
We find the decision in County Bonding Agency v. State, 724 So.2d 131 (Fla. 3d DCA 1998), analogous to the instant case. In County Bonding, the surety issued a $15,000 bail bond to secure the appearance of the defendant who was charged with grand theft and exploitation of the elderly. The defendant absconded to Jamaica and failed to appear at her court date. The surety located the defendant in Jamaica and had her arrested. The state declined to have the defendant extradited despite County Bonding's willingness to pay all expenses. In the trial court proceedings, the surety argued that, under the circumstances, the bond forfeiture should be vacated. The trial court refused.
On appeal, the Third District reversed the trial court's order, holding that pursuant to section 903.26(2)(b), the trial court cannot extend the thirty-five day period in which the surety is required to pay the *840 forfeiture. In its opinion, the Third District also addressed the state's argument in regard to whether remission under section 903.28 is available when the defendant is arrested in a foreign jurisdiction and the state refuses to extradite. The court stated:
The State argued alternatively that remission of forfeiture is never available where, as here, the defendant is arrested in a foreign jurisdiction and the State declines to extradite. The trial court agreed, considering itself bound by American Bankers Ins. Co. v. Seminole County, 526 So.2d 736, 737 (Fla. 5th DCA 1988); Pinellas County v. Robertson, 490 So.2d 1041, 1043 (Fla. 2d DCA 1986); and Public Serv. Mut. Ins. Co. v. State, 135 So.2d 777 (Fla. 1st DCA 1961).
... The surety's proffer here was that it had caused defendant to be arrested in Jamaica, but when the State declined to extradite, the defendant had to be released. Assuming no prejudice to the prosecution on account of the delay, see [section 903.28], the surety would be entitled to remission. See Id.

The purpose of section 903.28 is to create a financial incentive for sureties to locate and apprehend fugitives. Assuming the facts to be as proffered by the surety, the surety did exactly what the statute is designed to encourage. The State had the prerogative to decline to extradite if it so chose, but under the current version of section 903.28, the refusal to extradite does not defeat an otherwise meritorious remission claim.
We distinguish the three cases relied on by the trial court. The current text of section 903.28 came into the statute in 1982, see ch. 82-175, § 60, Laws of Fla., long after this court's Public Service Mutual case was decided. Although the American Bankers and Pinellas County cases were decided after the 1982 statutory amendment, neither case examines the expansive language of section 903.28.
County Bonding, 724 So.2d at 133 (footnotes omitted).
We conclude that the court's discussion in County Bonding provides a logical interpretation of the clear language of section 903.28. In County Bonding, the defendant would have been returned for prosecution but for the state's unwillingness to extradite. Similarly, Wilson and Morrison would have been apprehended and returned to justice but for the State's refusal to extradite. While it is true that the "state is not the surety's surety," Pinellas County v. Robertson, 490 So.2d 1041, 1042-43 (quoting Umatilla County v. Resolute Ins. Co., 8 Or.App. 318, 493 P.2d 731 (1972)), when a surety has substantially attempted to procure a defendant or defendants, it should not be prevented from seeking remission under section 903.28 because the State refuses to cooperate.
The County argues, and the trial court agreed, that the decisions in Santacruz, Robertson, and Public Service Mutual Insurance Co. v. State, 135 So.2d 777 (Fla. 1st DCA 1961), control the issue presented herein. However, these decisions are clearly distinguishable from the instant case. In Santacruz and Public Service, final judgment had been entered on the bond forfeiture. Thus, remission was not an option. See § 903.271, Fla. Stat. (1961); Santacruz, 526 So.2d at 737 n. 2 (citing Resolute Ins. Co. v. State, for Use & Benefit of Dade County, 289 So.2d 456 (Fla. 3d DCA 1974)). Here, final judgment on the forfeiture had not been entered at the time the trial court denied Continental's motion for remission. Robertson is distinguishable because it dealt with the setting aside of a bond estreature, rather than remission. Moreover, Robertson, for whatever *841 reason, does not address the "substantially attempted to procure" language of section 903.28.
Finally, the record is completely devoid of any evidence that the State is or has been prejudiced by the delay. In fact, neither the State nor the County has alleged that the delay has thwarted the prosecution of either Wilson or Morrison.
Accordingly, we reverse the trial court's order and remand for further proceedings.
REVERSED and REMANDED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] As was explained in In re Santacruz, 526 So.2d 736 (Fla. 5th DCA 1988):

A criminal appearance bond forfeiture controversy commences in a criminal court with two parties: the State and a defendant, with the State represented by the State Attorney. Somewhere along the way a metamorphosis occurs. By the time the matter is decided on appeal, the county (or municipality), as the beneficiary of the forfeited bond proceeds (§ 903.26(3)(a) and (b), Fla. Stat.), is the real party in interest on one side and a bondsman or surety company is the real party in interest on the other side.
526 So.2d at 737 n. 1.