NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PALMETTO SURETY CORPORATION,  )
                              )
        Appellant,            )
                              )
v.                            )        Case No. 2D13-6095
                              )
STATE OF FLORIDA & PAULA S.   )
O'NEIL, PASCO COUNTY CLERK    )
OF COURT,                     )
                              )
        Appellees.            )
_____)

Opinion filed October 8, 2014.

Appeal from the Circuit Court for Pasco
County; William R. Webb, Judge.

Lisa H. Colón of Law Office of Lisa H. Colón,
P.A., Miami; and Bruce S. Reich of Bruce S.
Reich, P.A., Miami Beach, for Appellant.

Clint Edge Roberson of McClain, Alfonso &
Meeker, P.A., Dade City, for Appellees.


LaROSE, Judge.

        Palmetto Surety Corporation appeals the trial court's final order denying its

application for remission of bond estreature.  See §§ 903.26, .28, Fla. Stat. (2013).  We

have jurisdiction, see Fla. R. App. P. 9.030(b)(1)(A), and affirm.

Palmetto posted a $10,000 appearance bond for a defendant held for felony petit theft. The defendant failed to appear in court as required. An arrest warrant issued and the bond estreated. Several days later, the Clerk timely issued a certificate of bond forfeiture. § 903.26(2)(a), Fla. Stat. On the day that the Clerk issued the notice of forfeiture to Palmetto, the defendant's dead body was found in Marion County.

Palmetto moved to set aside the forfeiture pursuant to section 903.28(2), contending that it had maintained routine and repeated supervisory contacts with the defendant and his family members to ensure the defendant's court appearance. Palmetto also asserted that it diligently sought the defendant's location and, on the same date as the notice of forfeiture issued, learned the defendant was dead.

The Clerk opposed Palmetto's motion, relying on State v. Sunshine State Bail Bonds, Inc., 967 So. 2d 1084 (Fla. 2d DCA 2007) (holding that surety was not entitled to remission or excused of its obligation to take precautionary action to prevent defendant from leaving jurisdiction; doctrine of impossibility of performance did not apply to the circumstances presented), and State ex rel. Gardner v. Allstar Bail Bonds, 983 So. 2d 1218 (Fla. 5th DCA 2008) (holding that doctrine of impossibility of performance did not apply so as to entitle surety to partial remission of forfeited bond). The trial court agreed with the Clerk.

In pertinent part, section 903.28(2) states that:

(2) If the defendant surrenders or is apprehended within 90 days after forfeiture, the court, on motion at a hearing upon notice having been given to the clerk of the circuit court and the state attorney as required in subsection (8), shall direct remission of up to, but not more than, 100 percent of a forfeiture if the surety apprehended and surrendered the defendant or if the apprehension or surrender of the defendant was substantially procured or caused by the surety, or the surety has substantially attempted to procure

or cause the apprehension or surrender of the defendant, and the delay has not thwarted the proper prosecution of the defendant.

We review the trial court's order for an abuse of discretion. See Accredited Sur. & Cas. Co., Inc. v. Putnam Cnty, Fla., 528 So. 2d 430, 431 (Fla. 5th DCA 1988).

Palmetto contended that it substantially attempted to procure or cause the apprehension or surrender of the defendant. See Cont'l. Heritage Ins. Co. v. Orange Cnty., 798 So. 2d 837 (Fla. 5th DCA 2001) (holding that substantial attempts by surety may entitle it to remission of bond forfeiture); Cnty. Bonding Agency v. State, 724 So. 2d 131 (Fla. 3d DCA 1998) (same). In the trial court, Palmetto argued that "based upon the death of this defendant on the very date of notice of forfeiture, as well as based upon the surety's pre-trial as well as post capias/pre-forfeiture mailing efforts to effect the defendant's apprehension and surrender, that remission of forfeiture is merited."

The Clerk opines that the surety must show surrender or apprehension as a predicate to remission of bond estreature. We have no occasion to address that issue. At the hearing before the trial court, Palmetto relied upon a single general affidavit attached to its motion, made by one of the guarantors, and argument of counsel. This was insufficient to show reversible error on appeal. See § 903.28(8).

The affidavit is woefully deficient in relevant facts showing entitlement to remission. Section 903.28(8) requires that:

An application for remission must be accompanied by affidavits setting forth the facts on which it is founded; however, the surety must establish by further documentation or other evidence any claimed attempt at procuring or causing the apprehension or surrender of the defendant before the court may order remission based upon an attempt to procure or cause such apprehension or surrender.

- 3 -

Palmetto failed to recite, by affidavit or actual evidence, what specific efforts it made to show that it substantially attempted to procure the return of the defendant.  See Accredited Sur. & Cas. Co., Fla., 528 So. 2d at 431.  Accordingly, we find no abuse of discretion in the trial court's denial of Palmetto's motion.

Affirmed.

NORTHCUTT, J., and HIRSCH, MILTON, ASSOCIATE JUDGE, Concur.