DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOWARD C. FORMAN,** as Clerk of the Circuit and County Courts of
Broward County,
Appellant,

v.

**CHARLES TAY,**
Appellee.

No. 4D14-3413

[December 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Raag Singhal, Judge; L.T. Case No. 10-002312CF10A.

Donna M. Krusbe and Ginger E. Wald of Billing, Cochran, Lyles, Mauro
& Ramsey, P.A., West Palm Beach, for appellant.

Greg Chonillo, Coral Gables, for appellee Fire Line Bail Bonds.

FORST, J.

Appellant Howard Forman, the Clerk of Court for Broward County
("Clerk"), appeals the trial court's order granting the Surety's[1] motion to
set aside a bond forfeiture and exonerate the bond. Because the trial court
properly interpreted the language of section 903.31(1), Florida Statutes
(2014), we affirm its decision.

## Background

Nominal Appellee Charles Tay was charged with trafficking cocaine and
conspiracy to traffic cocaine. The Defendant pled not guilty and posted a
$75,000 bond on February 11, 2010. After a considerable delay, the case
was set for a change of plea hearing on June 12, 2014. Defendant failed
to appear. That same day, the trial court issued a capias; and the following
week it estreated the bond.

---

[1] The original surety in this case was Platinum Bail Bonds, but Fire Line Bail
Bonds is now the liable agent.

On August 6, 2014, the Surety moved to set aside the bond forfeiture and to exonerate the bond, arguing that under section 903.31(1) the bond had expired prior to the bond being forfeited or revoked. The Clerk argued the Surety, having custody over the Defendant, had an obligation to return the Defendant to custody. The Clerk further maintained the plain language of the statute excluded the bond from expiring where it had been forfeited by the Defendant's nonappearance. The Clerk argued that this statutory provision is unambiguous and does not apply when the bond has been forfeited.

The trial court seemingly indicated that the statute was ambiguous because the parties arrived at opposite interpretations of the statute's plain language. The trial court ultimately found that the use of the word "shall" in the statute was dispositive and ruled in the Surety's favor, setting aside the bond forfeiture and exonerating the bond.

## Analysis

Section 903.31(1) states:

> Within 10 business days after the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled and, if the surety has attached a certificate of cancellation to the original bond, the clerk of the court shall mail or electronically furnish an executed certificate of cancellation to the surety without cost. An adjudication of guilt or innocence, an acquittal, or a withholding of an adjudication of guilt shall satisfy the conditions of the bond. **The original appearance bond shall expire 36 months after such bond has been posted for the release of the defendant from custody. This subsection does not apply to cases in which a bond has been declared forfeited.**

(emphasis added). "It is a fundamental principle of statutory interpretation that legislative intent is the 'polestar' that guides this Court's interpretation." *Borden v. E.-European Ins. Co.*, 921 So. 2d 587, 595 (Fla. 2006). "In attempting to discern legislative intent, we first look to the actual language used in the statute. When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005) (internal citations omitted).

In this case, the trial court implied that the statutory language was ambiguous because the parties came to different interpretations of the law, citing *Blanton v. City of Pinellas Park*, 887 So. 2d 1224, 1230 (Fla. 2004) ("Ambiguity suggests that reasonable persons can find different meanings in the same language."). The applicable statutory language states that the bond "shall expire" three years after it is posted. "[T]he word 'shall' in the statute . . . according to its normal usage, has a mandatory connotation." *Neal v. Bryant*, 149 So. 2d 529, 532 (Fla. 1962). This language is not ambiguous. The words' plain meaning indicates that the bond expires after thirty-six months, without requiring any action to be taken by the parties. While the Clerk argues this interpretation impermissibly inserts the word 'automatically' into the statute, such an addition is not necessary, as the mandatory connotation of "shall" already provides the same effect.

Furthermore, the next sentence indicates the expiration does not apply in cases where the bond "has been declared forfeited." This phrase is in the past tense, indicating that the forfeiture must occur prior to the bond's expiration in order to have effect. Here, the bond's thirty-six month period ran on February 11, 2013. The bond was not deemed forfeited until June of 2014. Since the bond already had expired under the statute, the trial court's ruling forfeiting the bond was ineffectual. To allow the bond's expiration to be limited by a post-expiration forfeiture, as the Clerk suggests, would vitiate the Legislature's choice to include the expiration provision.

This construction of section 903.31 is consistent with the "[l]iberal interpretation of such statutes in favor of sureties . . . ." *Bd. of Comm'rs of Brevard v. Barber Bonding Agency*, 860 So. 2d 10, 12 (Fla. 5th DCA 2003). Thus, we encourage the Clerk, and officials in other counties, to consider adopting some process by which expiring bonds are tracked and placed on a court docket for renewal or surrender of the defendant; contrary to the Clerk's argument, it is not the surety's responsibility to notify the Clerk that the thirty-six month term is nearing completion.

## Conclusion

In the meantime, the failure to institute such a procedure does not affect the rights of the Surety to exonerate a bond that had expired, as the statute's plain language makes the bond's expiration mandatory after thirty-six months. Accordingly, the trial court's decision is affirmed.

*Affirmed.*

3

WARNER and TAYLOR, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***